345 So.2d 74 (1977)
FREEMAN BAPTIST CHURCH, Plaintiff-Appellant,
v.
HERMAN DEMPSEY HILLEN et al., Defendants-Appellees.
No. 10901.
Court of Appeal of Louisiana, First Circuit.
March 3, 1977.
*75 Leslie D. Ligon, Jr., Clinton, for plaintiff-appellant.
Robert A. Connell, Jackson, for defendants-appellees.
Before LANDRY, COVINGTON, EDWARDS, PONDER and COLE, JJ.
LANDRY, Judge.
Freeman Baptist Church (Appellant), an unincorporated association, appeals from judgment dismissing its petitory action for failure to sufficiently establish its alleged record title. After original argument before a three judge panel, two members of the panel were for reversal with one member dissenting. Accordingly, this matter was scheduled for re-argument before a five judge panel as provided by Louisiana Constitution 1974, Article 5, Section 8(B). We affirm.
Subject property consists of a three acre strip of land measuring approximately 82 feet in width by 1,572 feet in length. The parcel fronts on the East side the Ethel-Jackson Highway, in East Feliciana Parish. It is bounded on the North and West by property of Defendant Marion Lee Wallace and on the South by lands of Defendant Herman Dempsey Hillen.
Plaintiff alleges its ownership of the property in dispute and Defendants' possession thereof. Defendants denied Plaintiff's ownership and admitted Defendant's possession. As hereinafter shown, Plaintiff claims by record ownership only. In the trial court Plaintiff made no claim of ownership by acquisitive prescription. Defendants make no claim of ownership. The possession which Defendants enjoy is admittedly based on sufferance of a third party whom Defendants believe to be owner.
*76 Three basic issues are presented: (1) Has Plaintiff sustained its burden of proving title; (2) May a plaintiff in a petitory action claim ownership by acquisitive prescription of 10 and 30 years urged initially on appeal; and (3) Does the nature and character of defendant's possession affect plaintiff's burden of proof in a petitory action where plaintiff alleges defendant is in possession of the subject property and defendant admits being in possession.
Plaintiff acquired subject property from William Henry Price by deed translative of title, on July 20, 1974. The land in question was part of a 25 acre tract acquired by Price at a tax sale on October 23, 1937. On December 6, 1944, Price sold 22 of the 25 acres to John P. Jones, reserving to himself the three acres involved herein. At the time of Jones's purchase of the 22 acres from Price, the original 25 acre tract was marked by a fence along its southern boundary. After his purchase, Jones moved this boundary fence approximately 82 feet northerly to mark the southern boundary of his 22 acres. In 1968, Jones's widow, Mary Lou Jones, sold the 22 acre tract to Defendant Wallace. Following a survey made by Wallace, his deed was corrected in 1970 to include Price as Wallace's ancestor in title.
In 1970, Defendant Hillen purchased the property which bounds subject three acre tract on the south. A survey of Hillen's property shows his northern boundary running parallel to the southern boundary of subject acreage. The survey also shows Wallace's property bounding subject tract on the north. It is conceded that neither the survey by Wallace nor the one by Hillen includes subject tract as belonging to either of said parties.
In or about 1972, by mutual agreement, Hillen and Wallace cleared an area on subject tract which they believed to be midway of and parallel to their respective northern and southern boundaries. In this cleared area they constructed a fence which in effect severed subject property in half from east to west. Hillen's vendors previously offered to sell him the disputed strip. They told Hillen the land belonged to their mother. Hillen was verbally authorized by these alleged owners to use the land as Hillen saw fit. Wallace, relying upon Hillen's representations, assisted in clearing the land for the fence and in building the fence. Wallace testified that he cleared the land on his side of the fence and took possession thereof with intent to possess as an adverse owner.
One week after Plaintiff's purchase, representatives of the association went on the property to clear the land for use as a church cemetery and recreational area. On this occasion, Hillen advised Plaintiff's representatives that Plaintiff did not own the land because Plaintiff's alleged vendor was not the true owner. By mutual agreement, Plaintiff's representatives cleared the underbrush but refrained from cutting trees until the question of ownership was settled. On returning to the land one week later, Plaintiff's representatives were barred by a single strand wire fence erected across the front of the property.
In support of its claim of ownership, Plaintiff introduced in evidence the following: (1) A tax sale of 25 acres from the Estate of Albert Freeman to Price dated October 23, 1937; (2) Sale from William Henry Price to John P. Jones, dated December 6, 1944, conveying 22 acres to John P. Jones, and reserving subject 3 acres to vendor; (3) Quitclaim deed from Mary Lou Jones, Widow of John P. Jones, to William Henry Price, dated June 17, 1975; and, (4) Deed from William Henry Price to Plaintiff, dated July 20, 1974.
Near the end of the trial, Plaintiff presented a deed from W. R. McKowen to Albert Freeman, dated March 22, 1906, which instrument was introduced under proffer.
Plaintiff in a petitory action bears the burden of establishing his title. LSA-C.C.P. Article 3653 makes a significant distinction between the onus incumbent upon plaintiff where defendant is in possession of the disputed property and the burden which plaintiff must discharge when defendant is not in possession. The cited article provides as follows:

*77 "To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof."
In the recent case of Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974), our Supreme Court interpreted Article 3653(1), above, to mean that where defendant is in possession, plaintiff in a petitory action must make out title good against the world, regardless of the character or quality of defendant's title.
However, Plaintiff suggests that Verret v. Norwood, 311 So.2d 86 (La.App. 3rd Cir.), writ denied 313 So.2d 842, distinguishes Skinner, above, by holding that where defendant is in possession, plaintiff need only prove a record title in order to shift the burden of proof to defendant. Our reading of Verret, above, does not lead to the proposition advanced by Plaintiff herein. Verret appears to apply the harsh burden of proof pronounced in Skinner, above.
Plaintiff also contends our jurisprudence recognizes a distinction between a mere possessor and one possessing with some semblance of title. In this respect, Plaintiff argues that where defendant is a trespasser (as Plaintiff alleges Defendants to be in this instance), plaintiff need establish only some color of title to prevail in a petitory action. In support of this position, Plaintiff cites and relies upon Zeringue v. Williams, et al., 15 La.Ann. 76 (1860); Taylor v. Williams, 162 La. 92, 110 So. 100 (1926), and numerous other authorities. We note all such cases were decided prior to the 1960 adoption of LSA-C.C.P. Article 3653, and the Skinner decision, above.
We observe that a distinction between a mere possessor and one holding under some color of title would result in defendant's title or lack thereof becoming an issue in every petitory action. Such a result appears contrary to the provisions of Article 3653, above, especially when that article is interpreted along with LSA-C.C.P. Article 3651, which defines the petitory action disjunctively as follows:
"The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." (Emphasis added by the court.)
Plaintiff in brief argues that Defendants are precarious possessors and therefore cannot be considered adverse possessors. While Defendants concede they commenced possession with the consent of the party they believed to be owner, Plaintiff has alleged Defendants' possession. Plaintiff may not, without leave of court, amend his petition to convert his suit into a possessory action once he admits his lack of possession. Additionally, Plaintiff may not cumulate the petitory and possessory actions in one suit. LSA-C.C.P. Article 3657.
The trial court correctly found that Plaintiff's establishing a recorded chain of title to 1937, and the offer of a 1907 instrument, conceding the latter to be admissible, did not suffice to discharge the burden of proof required of Plaintiff. In a petitory action, the burden of proof does not shift to a defendant in possession, irrespective of the nature of such possession, until plaintiff makes out his title good against the world, meaning a showing of title by an unbroken chain commencing with a separation from the sovereign. Pure Oil Company v. Skinner, above; Deselle v. Bonnette, 251 So. 68 (La.App. 3rd Cir. 1971), writ denied, 259 La. 881, 253 So.2d 215.
In this court Plaintiff urges title predicated upon acquisitive prescription of 10 and 30 years. However, the record establishes that upon trial, Plaintiff relied exclusively upon his record title and did not plead either of said prescriptive periods. It also appears that Plaintiff offered evidence of his authors' possession which was timely objected to on the ground that plaintiff had *78 not pled title by acquisitive prescription, and to admit such evidence would enlarge the pleadings. The trial court admitted evidence of such possession solely in support of Plaintiff's record title. Plaintiff did not request leave to amend his pleadings to include a claim of title by acquisitive prescription but elected to rest his case upon proof of ownership by recorded title. Under the circumstances, we cannot consider the pleas of prescription initially made in this court.
Appellant's final argument is that the legislature could not have intended to enact a rule as harsh as the Skinner interpretation of Article 3653, above. Appellant correctly notes that Skinner, above, enables a trespasser to entrench himself on property and take advantage of a defect in the title of a record owner pursuant to a deed translative of title. We are fully mindful of the effects of Skinner, above. We note, however, that Skinner, above, expressly overruled Hutton v. Adkins, 186 So. 908, (La. App. 2d Cir. 1939), and that Hutton, above, involved a petitory action brought by a record owner against a trespasser. We find the instant case indistinguishable from Hutton, above. We note also the import of Skinner, to the effect that Hutton, above, was decided prior to the enactment of Article 3653, above, which the Supreme Court deems controlling.
We seriously question the wisdom and practicality of the application of the rule laid down in Skinner, above, to an instance in which the record owner brings a petitory action against a trespasser or one possessing with no claim of recorded or prescriptive title. Nevertheless, the holding in Skinner, above, is clear and unmistakable. We apply it in this instance only because we must.
For whatever comfort it may afford Appellant, it appears that Appellant need not rely solely on the strength of his recorded title to obtain relief against a trespasser. Other relief is available in the form of a possessory action or a claim of ownership based on either 10 or 30 years acquisitive prescription. See Skinner, above. See also 2A. Yiannopoulos, Louisiana Civil Law Treatise, Section 137 (1967).
The judgment is affirmed at Appellant's cost.
Affirmed.
PONDER, J., concurred in part and dissented in part and filed opinion.
COLE, J., dissented and filed opinion.
PONDER, Judge, concurring in part and dissenting in part.
I agree that Pure Oil Company v. Skinner, La., 294 So.2d 797 (1974) requires affirmation of this case.
However, to avoid a patently inequitable result, I would remand the case to allow plaintiff to amend its petition and present whatever evidence it can to prove its title.
Furthermore, while the petition, and especially the prayer, are not artistically drawn, I believe they are broad enough to encompass an action in trespass as well as a petitory action. I know of no law to prevent the cumulation in one suit. I know of no jurisprudence that requires the application of the Pure Oil Co. test to trespass actions.
COLE, Judge, dissenting.
Believing, as I do, that the majority holding in Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974), particularly as applied to the facts of this case, is an erroneous statement of law, and finding comfort in the fact that the civilian heritage of our law permits me to exercise my independent judgment without disrespect to my learned brothers of our highest court, I respectfully dissent.
I find no valid bases in our law upon which to predicate the harsh jurisprudential rule of Skinner to the effect that a plaintiff in a petitory action, as against a mere squatter or trespasser, must establish a perfect title. Surely, this is not what our Legislature intended when it enacted Article 3653 of our Code of Civil Procedure. And, as explained by Justice Summers in his well reasoned dissent to Skinner, historical *79 interpretations do not substantiate a result which "is virtually to require the impossible in some cases." To the contrary, I agree with Justice Summers that the weight of our authorities only require such a plaintiff to prove "an apparently valid title." That burden was borne in the case now before us.