GRISBAUM, Judge.
In this petitory action, a default judgment was rendered against appellant, Ber-trice Lindsey. The issues on appeal are the failure to notify Ms. Lindsey of the signing of the default judgment and the sufficiency of the evidence.
On October 6, 1980, appellee, Alfred Raymond, Jr., et al., filed a petitory action against Rudolph and Wilhelmina Simmons alleging the Simmons were in possession of the property. Upon discovering that the Simmons merely leased the premises from Bertrice Lindsey, appellee filed a supplemental and amended petition on December 26,1980 to add Ms. Lindsey as a defendant. On December 29, 1980, the court appointed *545 a curator ad hoc, Mr. Deckelman, to represent the non-resident absentee, Ms. Lindsey. Mr. Deckelman contacted Ms. Lindsey and informed her of the nature of the suit against her. She was advised to file a request in the court for all notices in the proceeding to be sent to her. On March 10, 1981, Ms. Lindsey’s handwritten letter was filed in the clerk’s office requesting all notices be sent to her at her address on Josephine Street in New Orleans, Louisiana. On March 11, 1981, the court dismissed Mr. Deckelman as a curator ad hoc. On July 23, 1981, a judgment of default was confirmed against Ms. Lindsey and appellees were declared to be the owners of the property in dispute. Ms. Lindsey did not receive any notice of the judgment. She learned of the default judgment after retaining her present counsel. On February 5, 1982, appellant’s attorney filed a motion for a new trial which was denied on February 16, 1982. An appeal was filed on February 24, 1982.
This court finds although the motion for a new trial was filed over six months after the default judgment was rendered, the motion was timely. The record reveals that the judgment of default was handed to Mr. Deckelman, the curator ad hoc, who had been dismissed by the court four months prior to the judgment. La.C.C.P. art. 1913 requires that:
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service ..."
The record does not reveal that appellant was served notice of the default judgment as required by La.C.C.P. art. 1913, and she denies having ever been so served. She was entitled to service of the notice of the signing of the default judgment as she was not personally served in this case. La.C.C.P. art. 1974 states the delays for applying for a new trial in pertinent part:
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
Therefore, the delay for applying for a new trial would commence to run on the day after the sheriff had served Ms. Lindsey with the notice of the default judgment. Because such notice was never served, the time for applying for a new trial had not commenced to run when appellant applied for a new trial on February 5,1982. It follows that the delay for applying for either a suspensive or devolutive appeal herein did not commence running until February 16, 1982, the date on which appellant’s motion for new trial was denied. Therefore, the appeal in this case is timely.
Addressing the second issue, a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.C.C.P. art. 1702.
The demand in this case, a petitory action, is one brought by a person who claims the ownership, but who is not in possession of immovable property or of a real right therein against another who is in possession or claims the ownership thereof adversely to obtain judgment recognizing the plaintiff’s ownership. La.C.C.P. art. 3651. La.C.C.P. art. 3653 states:
“To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof ...”
Through her lessee, appellant was in possession of the property. La.C.C. art. 3433. The Louisiana Supreme Court in Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974), stated that where defendant is in possession, plaintiff in a petitory action must make out his title good against the world, meaning a showing of title by an unbroken chain commencing with a separation from the sovereign, regardless of the character or quality *546 of defendant’s title. Freeman Baptist Church v. Herman Dempsey Hillen, 345 So.2d 74 (La.App. 1st Cir.1977).
Under the rule, the appellee in the present case failed to establish a prima fa-cie case by proving his title good against the world. He has not traced his title back to the sovereign. Weaver v. Hailey, 416 So.2d 311 (La.App. 3d Cir.1982).
There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Holbrook v. Palermo, 352 So.2d 419 (La.App. 3d Cir.1977). The transcript of the proceedings at the default judgment and the supporting evidence are in the record before us. Appellee traces his title back to a judgment of possession rendered in 1944. That judgment refers to an act of sale in December of 1892 but not from the sovereign. Such proof falls short of the burden on a plaintiff in a petitory action.
Because appellee failed to establish a pri-ma facie case by proving title back to separation from the sovereign the judgment denying the motion for new trial is reversed. We order a new trial be granted.
REVERSED AND REMANDED.