CARTER, Judge.
This is a suit for declaratory judgment filed by Allen N. Blanchard wherein he seeks to be declared the owner of a 100% interest in certain immovable property located in St. Tammany Parish.
By act of cash sale dated May 23, 1934, plaintiff, Allen N. Blanchard, acquired a tract of land located in the Parish of St. Tammany. Defendants, some of the heirs of Max A. Blanchard, maintain that one-half of the St. Tammany property was owned by Allen N. Blanchard and the other one-half was owned by Max A. Blanchard.
BACKGROUND
On April 8, 1948, Max A. Blanchard died intestate. His wife, Dorothy Burg, predeceased him on November 21, 1921. Of this union, ten children were born:
(1) Max B. Blanchard
(2) Edgar L. Blanchard
(3) Allen N. Blanchard
(4) Ruby Blanchard Leonard
(5) Olga Blanchard Roques
(6) Aline Blanchard Greenhalgh
(7) Enola Blanchard Howell
(8) Helen Blanchard Hebert
(9) Newton J. Blanchard
(10)James Blanchard
James Blanchard predeceased his father and was unmarried and without issue. Newton J. Blanchard also predeceased his father and was survived by four children, namely:
(1) Emelda Blanchard Tolozac
(2) Edwin L. Blanchard
(3) Lillie Blanchard Langlois
(4) Newton J. Blanchard, Jr.
The petition for possession in the Succession of Max A. Blanchard listed as an asset of his succession an undivided one-half interest in the immovable property located in St. Tammany Parish acquired by Allen N. Blanchard on May 23, 1934. The petition for possession was signed by Allen N. Blanchard and all the other heirs. The judgment of possession in the Succession *522 of Max A. Blanchard was rendered on July 7, 1948, and placed the heirs in possession of this undivided one-half interest and other property belonging to Max A. Blanchard in accordance with their ownership interests. The defendant-heirs in the instant case maintain that Allen N. Blanchard had executed a counter letter to Max A. Blanchard setting forth that the latter was an owner of an undivided one-half interest in the property and that this was the basis for listing the property interest in the Succession of Max A. Blanchard. The defendant-heirs contend that the property was in fact co-owned by Max A. Blanchard and Allen N. Blanchard in the proportions of an undivided one-half interest each.
Subsequent to obtaining the judgment of possession in the Succession of Max A. Blanchard, Max B. Blanchard died. Max B. Blanchard was married to Ruth Tiblier Blanchard, and of this union one child was born, Maxine Blanchard Chenevert. Maxine Blanchard Chenevert had predeceased her father and was survived by two children, Maxine Chenevert Betz and David Lee Chenevert. Edgar L. Blanchard died on November 1, 1975, and was survived by one child, Charlene Blanchard Naquin.
Plaintiff filed this suit for declaratory judgment on August 19, 1980, and named all of the heirs of Max A. Blanchard as parties defendant, except Ruby Blanchard Leonard, Olga Blanchard Roques, Aline Blanchard Greenhalgh, and Enola Blanchard Howell.[1]
The trial court rendered judgment in favor of plaintiff, Allen N. Blanchard, declaring him to be the sole owner of the St. Tammany property. On appeal, this court in Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.1983), writ denied 433 So.2d 162 (La.1983), reversed the trial court judgment and remanded the case for a retrial after the joinder of Ruby Blanchard Leonard, Aline Blanchard Greenhalgh and Enola Blanchard Howell.[2]
On November 3, 1983, retrial was held., The entire transcript of the first trial was introduced into evidence, and plaintiff resolved the issue of failure to join indispensable parties.[3]
The trial court determined that defendants had failed to establish the existence of a counter letter evidencing ownership of the St. Tammany property by Max A. Blanchard. The trial court, therefore, concluded that Allen N. Blanchard was the sole owner of the St. Tammany property.
From this judgment, defendants appeal, assigning the following specifications of error:[4]
(1) The district court erred in finding that plaintiff is the sole owner of the subject property;
(2) The district court erred in finding that plaintiff is not estopped by judicial confession to deny that appellants are *523 the owners of the subject property and that the counter letter is a binding contract; and
(3) The district court erred in failing to grant appellants’ exception of prescription.
DISCUSSION
Appellants contend that the trial court erred in finding that Allen N. Blanchard was the sole owner of the St. Tammany property. In support of this contention, appellants reason that the copy of a counter letter allegedly signed by Allen N. Blanchard evidences co-ownership of the subject property by their ancestor in title, Max A. Blanchard.
Under LSA-C.C. art. 1839, a transfer of immovable property must be made by authentic act or by act under private signature. The authentic act of cash sale introduced into evidence clearly establishes that title to the subject property was transferred from Gus McKean to Allen N. Blanchard on May 23, 1934.
Defendants seek to assail the verity of the recitals of this deed by means of a counter letter. The jurisprudence clearly permits an authentic act to be attacked by a counter letter signed by the owners of record. See former LSA-C.C. art. 2239 (now LSA-C.C. arts. 2021 and 2035, effective January 1, 1985); Jones v. Jones, 214 La. 50, 36 So.2d 635 (1948); Decatur-St. Louis, Etc. v. Abercrombie, 411 So.2d 677 (La.App. 4th Cir.1982), and American Creosote Company v. Springer, 232 So.2d 532 (La.App. 4th Cir.1969), affirmed 257 La. 116, 241 So.2d 510 (1970). However, in the case sub judice, appellants attempted to attack the authentic act evidencing sole ownership of the subject property by Allen N. Blanchard by means of a copy of an unsigned counter letter. Plaintiff did not recall signing any such document, and defendants could not produce the original counter letter or establish that plaintiff had indeed signed the purported counter letter. Additionally, defendants failed to establish that the original counter letter was lost or destroyed, thus obviating the necessity of producing the original. See former LSA-C.C. art. 2280 (now LSA-C.C. art. 1832, effective January 1, 1985) and Childers v. Hudson, 223 La. 181, 65 So.2d 131 (1953).
Clearly, appellants have failed to establish an ownership interest in the subject property by Max A. Blanchard by means of a counter letter.
Appellants further contend that plaintiffs suit for declaratory judgment is barred by the thirty year prescriptive period provided for in LSA-C.C. art. 3548 (now LSA-C.C. art. 3502, effective January 1, 1984).
Appellants’ reliance on this provision, however, is misplaced. LSA-C.C.P. art. 3654 provides:
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
In establishing one’s right to possession in a possessory action, the possessory action must be instituted within a year of the disturbance which gives rise to the posses-sory action. LSA-C.C.P. art. 3658(4). When the disturbance is one in law as provided for in LSA-C.C.P. art. 3659, it amounts to a continuing disturbance. Thus, it is regarded as occurring not only on the date of recordation of the instru- *524 merit, but each day thereafter as long as it exists. Roy O. Martin Lumber Co., Inc. v. Lemoine, 381 So.2d 915 (La.App. 3rd Cir.1980).
In the instant case, appellants recorded in the public records the judgment of possession in the Succession of Max A. Blanchard, which caused a continuing disturbance from 1948 to date. Therefore, the one year prescriptive period of LSA-C.C.P. art. 3658(4) did not begin to run because the disturbance has not ceased. Chauvin v. Kirchhoff, 194 So.2d 805 (La.App. 1st Cir.1967).
Clearly, appellants’ contention that plaintiff’s action for declaratory judgment is barred by prescription is without merit.
Appellants also seek to establish title to the subject property through the doctrine of judicial estoppel. Appellants contend that plaintiff signed the Petition for Possession and approved the Judgment of Possession in the succession of his father, Max A. Blanchard, and listed the subject property as an asset of the succession. Appellants contend that the signing of these succession documents constitute a judicial confession acknowledging co-ownership of the subject property and judicially estop plaintiff from now claiming sole ownership of the subject property.
Appellants’ estoppel argument is without merit. Title to immovable property cannot be established by waiver or es-toppel; one can never be divested of title except in the manner prescribed by law, such as by deed, inheritance, or prescription. Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962); Hardaway v. Martin, 401 So.2d 465 (La.App. 2nd Cir.1981). Appellants have not established title to the subject property in any manner prescribed by law and cannot establish title by estoppel.
CONCLUSION
For the above reasons, the judgment of the trial court finding that Allen N. Blanchard is the sole owner of the St. Tammany property is affirmed. Appellants are cast for all costs of this appeal.

. In his petition for declaratory judgment, plaintiff named as defendants the following heirs of Max A. Blanchard:
(1) Helen Blanchard Hebert;
(2) Charlene Blanchard Naquin, representing her deceased father Edgar L. Blanchard;
(3) Newton J. Blanchard, Jr., Edwin L. Blanchard, Lilly Blanchard Langlois, and Emelda Blanchard Tolozac, representing their deceased father, Newton J. Blanchard; and,
(4) Maxine Chenevert Betz and David Lee Chenevert, representing their grandfather, Max B. Blanchard.

. On January 30, 1980, Olga Blanchard Roques executed a quit claim deed of all of her interest in the St. Tammany property to Allen B. Blanchard. As Mrs. Roques no longer had any interest in the property, the court did not require that she be joined as a party defendant.

. Mrs. Aline Blanchard Greenhalgh testified that she executed a quit claim deed to the St. Tammany property to Allen N. Blanchard on January 30, 1980. A copy of the document was also introduced into evidence. Additionally, it was established that Mrs. Judith Blanchard Howell died on February 13, 1976, and was survived by Dorothy Howell Weintritt and William Stanley Howell, Jr., both of whom executed quit claim deeds of the St. Tammany property to Allen N. Blanchard on February 15, 1980, and February 29, 1980, respectively. Proof that Mrs. Ruby Blanchard Leonard died on February 19, 1975, and that she was without issue was also introduced.

. Although the opinion does not address each specification of error individually, the opinion adequately addresses all issues raised by appellants.