544 So.2d 723 (1989)
Lee MATHERNE, Jr., Plaintiff-Appellee,
v.
O.C. "Dan" GUILLIOT, Defendant, Bank of Iberia, Interested Party-Appellant.
No. 88-149.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Rehearing Denied June 29, 1989.
Diane Sorola, Lafayette, Cline, Miller & Richard, Andre Douguet, Rayne, for plaintiff-appellee.
*724 Armentor & Wattigny, Gerard B. Wattigny, New Iberia, for defendant-appellant.
C. Randy Keller, Lafayette, for defendant-appellee.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
DOMENGEAUX, Judge.
This suit No. 88-149 is an appeal from the denial of a motion for new trial in a summary proceeding whereby a writ of mandamus was issued to the Clerk of Court of Lafayette Parish, Louisiana ordering him to cancel a judicial mortgage. Parties to the mandamus action were Lee Matherne, Jr., owner of the mortgaged property, and O.C. "Dan" Guilliot, Clerk of Court. The mortgagee, Bank of Iberia, was neither named as a defendant nor notified of the proceedings.
We have chosen to consolidate this appeal with the appeal taken in the case of Bank of Iberia v. Matherne, 544 So.2d 728 (La.App. 3rd Cir.1989), rendered this date. In that matter, the Bank filed a petition for nullity, seeking to have the judgment in the aforementioned mandamus proceeding annulled. The Bank's petition was dismissed when the lower court sustained Matherne's exception of no cause of action, and the Bank appealed.
Both appeals involve the same parties and issues and can easily be disposed of in one opinion. We will, however, render a separate decree in the matter entitled Bank of Iberia v. Matherne, 544 So.2d 728.

FACTS
On February 18, 1987, the Bank of Iberia obtained a judgment against Kenneth Matherne and Lee Matherne, Jr. in the Sixteenth Judicial District Court in and for the Parish of Iberia in the matter entitled "Bank of Iberia v. Acadiana Aircraft, Inc., et al." The judgment was for the sum of $303,096.13. The Bank of Iberia recorded its judgment in the mortgage records in the Parish of Lafayette on February 23, 1987.
On March 9, 1987, Lee Matherne, Jr. filed a Petition for Writ of Mandamus, asking that the Lafayette Parish Clerk of Court be ordered to cancel the aforesaid judicial mortgage. The Clerk of Court consented to an immediate hearing on the matter, and on that same day, the requested writ of mandamus was issued and its order carried out. Three days later, Lee Matherne, Jr. executed a collateral mortgage in the amount of $300,000.00 on his Lafayette Parish property.
Neither Lee Matherne, Jr. nor Kenneth Matherne instituted a suspensive appeal of the Iberia Parish suit during this period of time. A suspensive appeal was eventually filed, but was dismissed by this Court as untimely.

PROCEDURAL HISTORY
Having learned of the mandamus proceedings after the fact, the Bank of Iberia, as a party in interest, filed a motion for new trial on June 15, 1987. The motion was denied on grounds of timeliness and judgment to that effect was signed on October 9, 1987. The Bank of Iberia has appealed from that judgment.
Also on June 15, 1988, the Bank of Iberia filed a petition to annul, seeking to annul the mandamus judgment of March 9, 1987. Lee Matherne, Jr., filed exceptions of no cause of action, no right of action, and prematurity. The lower court dismissed the petition to annul for failure to state a cause of action, stating that the Bank did not assert sufficient facts to support a cause of action. The Bank has appealed the dismissal of its petition to annul. (# 88-303)
In January of 1988, the Bank of Iberia intervened in the mandamus proceedings via Petition to Appeal through which review of the merits of the mandamus proceeding was requested. That appeal was voluntarily dismissed before briefs were filed.
For the sake of efficiency, we have consolidated the two remaining appeals. We find that the mandamus judgment rendered on March 9, 1987, is an absolute nullity.

*725 THE LAW
"A mortgagee, not made a party to proceedings by which a judgment was obtained ordering the recorder of mortgages to erase the mortgage held by him, will not be bound by them." Ashbey v. Ashbey, 41 La.Ann. 138, 5 So. 546 (La.1889). This well founded jurisprudential rule guarantees notice to all interested parties before a mortgage can be erased from the public records. The Ashbey Court held that such mortgagees are necessary parties to a mandamus proceeding whereby cancellation of a mortgage is sought. Furthermore, the Court noted that an exception of failure to join such mortgagees is not waived if it has not been urged prior to trial on the merits. This situation is, of course, analogous to the present day peremptory exception of nonjoinder of an indispensable party. La. C.C.P. art. 927. See also La.C.C.P. art. 641, comment c.
We fully agree with our ancestors on the bench that justice and fairness require notice to all mortgagees before a mortgage inscription can be erased.
We know of no authority that the District Court has to issue a mandamus to the recorder of mortgages, commanding him to erase mortgages, without notifying the parties interested in them. French v. Prieur, 6 Robinson 299 (Orleans, 1843).
* * * * * *
It is now well understood, that a proceeding of this nature is entirely unavailable, unless carried on contradictorily with those against whom it is intended to be used.... [I]t is clear, that the question whether the sale is legal or not, and whether, in this case, the mortgages have ceased to have any effect, as a consequence of the said sale, cannot be decided in the absence of the mortgagees, against whom our judgment could not have the force and effect of res judicata. Leverich v. Prieur, 8 Robinson 97 (Orleans, 1844).
* * * * * *
All that the courts require in such cases is, that the parties in interest should have notice of the application, in order that their rights, where they have rights, may be protected. Savage v. Holmes, 15 La.Ann. 334 (Orleans, 1860).
* * * * * *
[I]t is our opinion that the owner of the property, the vendee of the property, and the holder of the vendor's notes were necessary parties defendant in this proceeding. Their rights cannot be determined or divested in a proceeding in which the recorder of mortgages alone is made the defendant. Glaser v. Hickey, 183 La. 710, 164 So. 635 (1935).
An ex parte mandamus proceeding which effectively cancels a mortgage without notice to the mortgagee is inherently violative of the due process rights of the mortgagee as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Louisiana Constitution. Due process requires notice which is "reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present objections." Klein v. Klein, 487 So.2d 775, at 776 (La.App. 3rd Cir.1986), citing Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
We now turn to those provisions of the Code of Civil Procedure which serve, in part, to fulfill this aspect of due process requirements. La.C.C.P. art. 641 provides for the compulsory joinder of indispensable parties. The term "indispensable parties" is defined as:
[T]hose whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. La. C.C.P. art. 641.
The law further states that an action cannot be adjudicated unless all indispensable parties are joined therein. The failure to join such parties may be noticed by an appellate court on its own motion. La.C.C. P. art. 927.

*726 ANALYSIS
In the instant case, the Petition for Writ of Mandamus was founded on La.C.C. P. art. 2252 which provides that:
A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed....
Although this portion of the statute was not mentioned in the mandamus proceedings, it appears to have been the basis of the Trial Court's ruling in favor of Lee Matherne, Jr.
Because the Clerk of Court, as the only defendant, had no real interest in the proceedings, other than the lawful discharge of the duties of his office, and because the interests of Lee Matherne, Jr., were completely contrary to the interests of the mortgagee/judgment creditor, Bank of Iberia, there was no party to put forth a valid objection to the issuance of the mandamus writ.[1]
These facts illustrate the inherent lack of due process in a mandamus proceeding to which a judgment debtor seeks to have cancelled a judicial mortgage without calling into court the judgment creditor. Although the debtor does not seek a judgment against the creditor, the debtor must notify the creditor of the proceeding and the creditor must be recognized as a party in interest. The judgment creditor is an indispensable party to such a proceeding and must be joined therein.
Ordinarily, the appropriate action to be taken when an appellate court notices the absence of an indispensable party is to remand the case to the Trial Court for the joinder of the indispensable parties and a retrial of the case. Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.1983), writ denied, 433 So.2d 162 (La.1983), appeal after remand, 476 So.2d 520 (La.App. 1st Cir.1985).

NEW TRIAL
As alternative or additional grounds for our reversal of this mandamus proceeding, we will address Bank of Iberia's motion for a new trial which was denied by the lower court. The motion was denied on the basis of timeliness. The court found that the Bank was required to bring such a motion within seven days of the signing of the judgment as stated in La.C.C.P. art. 1974; the Bank was not entitled to notice of the judgment as described in La.C.C.P. art. 1913 and the delays for filing a motion for new trial therefore ran against the Bank in March of 1987.
This ruling was in error. Without notice, the delay for filing a motion for new trial does not begin to run against a mortgagee. Because we have determined that the Bank of Iberia should have been made a defendant in the mandamus proceedings, we find that the law applicable to the notice of defendants in summary proceedings is applicable herein. La.C.C.P. art. 2594 provides as follows:
Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.
By analogy, just as a defendant against whom a default is taken is not subject to the usual new trial and appellate delays[2], neither is a defendant who has not been notified of the existence of, or judgment in, a summary proceeding subject to those delays. In Raymond v. Simmons, 424 So.2d 544 (La.App. 5th Cir.1982), the Court held *727 that a motion for new trial that was filed over six months after a default judgment was rendered was timely, because notice of the default judgment was never served. Likewise, in White v. White, 398 So.2d 1257 (La.App. 4th Cir.1981), the Court found that a contempt judgment could not stand because the defendant had never been served with the rule for contempt.
Finally, we must note the provisions of the Louisiana Civil Code which pertain to judicial mortgages, La.C.C. arts. 3321, et seq. Specifically, La.C.C. art. 3381 provides for notice to the judgment creditor when a judgment debtor seeks to have a mortgage erased after the debtor succeeds, in full or in part, on appeal.
Because notice to a judgment creditor is required when a debtor seeks erasure as a matter of right, notice is likewise required when the debtor seeks erasure on other grounds. Without such notice, the delay for filing a motion for new trial does not begin to run against a judgment creditor.

NULLITY
Finally, we find that the Bank of Iberia had a cause of action for its petition for nullity under La.C.C.P. art. 2004, which provides, in part:
A final judgment obtained by fraud or ill practices may be annuled.
The Bank's petition sets forth a question as to whether the writ of mandamus was properly issued in light of the provisions of La.C.C.P. art. 2252. The lower court should have considered the merits of that contention.

CONCLUSION
Although none of the three trial judges who issued judgments herein ruled on the merits of the writ of mandamus in light of the contentions of Bank of Iberia, the record does contain sufficient arguments from both sides for us to rule on the purely legal questions presented in the mandamus proceeding.
La.C.C.P. art. 2252 does not prohibit, and in fact specifically allows for, the recordation of a judgment prior to the lapse of the delay for a suspensive appeal. The Louisiana Supreme Court and the Fifth Circuit Court of Appeal have acknowledged this right of a judgment creditor to protect his rights against the judgment debtor:
FN9. After the 1985 amendment, recordation of a judgment after rendition but before the suspensive appeal delays have elapsed would be permitted. Goldking Properties Co. v. Primeaux, 477 So.2d 76 (La.1985); see also Justice Calogero's dissent at 478 So.2d 1207 (1985).
* * * * * *
It seems clear that recordation of a judgment prior to the lapse of the delay for a suspensive appeal is not prohibited by Article 2252. delaVergne v. Galan, 514 So.2d 284 (La.App. 5th Cir.1987).
For these reasons, we hold that the lower court was in error when it issued a writ of mandamus through which the judicial mortgage held by Bank of Iberia was cancelled.
Inasmuch as the matter is not before us, we leave for another day the potential question of the rights of New Iberia National Bank, which holds the collateral mortgage on Lee Matherne, Jr.'s Lafayette Parish property; we merely refer the reader to the case of Davis-Wood Lumber Co. v. DeBrueys, 200 So.2d 916 (La.App. 1st Cir.1967), for a discussion of that problem, and in particular the quoted language by Chief Justice O'Niell.

DECREE
It is hereby ordered, adjudged and decreed that the judgments appealed from be and they are hereby reversed. It is further ordered that the Clerk of Court of Lafayette Parish, Louisiana, reinscribe that certain judicial mortgage in favor of Bank of Iberia and against Lee Matherne, Jr. in the principal amount of $303,096.13, and recorded in the records of his office under Act No. 87-06257.
*728 All costs are assessed against Lee Matherne, Jr.
REVERSED AND RENDERED.
NOTES
[1] In fact, the full text of La.C.C.P. art. 2252 provides the specific objection urged by the Bank:

A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed; however, recordation of a judgment in the mortgage records prior to the lapsing of the delay for a suspensive appeal does not begin proceedings for the execution of the judgment.
[2] See Security Insurance Co. of Hartford v. Holliday, 363 So.2d 246 (La.App. 4th Cir.1978), writ denied, 370 So.2d 577 (La.1979).