LINDSAY, Judge.
The appellant, L & A Contracting Company, Inc., appeals from a trial court judgment dismissing its mandamus action against Wil-na Mabry, the Clerk of Court and Ex-Officio Recorder of Mortgages for Bossier Parish. The appellant contends that the lien filed against it under the Public Works Act on behalf of its subcontractor, Ram Industrial Coatings, Inc., (hereinafter “Ram Industrial”), was improperly filed and that mandamus was the proper procedural vehicle by which to seek cancellation of the lien. For the reasons assigned below, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings.

FACTS

In May of 1989, the appellant entered into a construction contract with the Louisiana Department of Transportation and Development to renovate a bridge over the Red River in Bossier Parish. The appellant sub *1092 contracted the painting portion of the job to Ram Industrial. Subsequently, a dispute arose that caused the appellant to place Ram Industrial in default and terminate the subcontract.
The subcontract contained a non-assigna-bility clause prohibiting the subcontractor from assigning the subcontract without the appellant’s prior written consent. However, Ram Industrial apparently assigned the contract to a new corporation, Ram Coating Technology Corporation (hereinafter “Ram Coating”).
On July 2, 1992, the appellant filed suit against Ram Industrial and its performance surety, Transamerica Premier Insurance Company, in East Baton Rouge Parish. It sought damages in the amount of $544,520, plus penalties, legal interest, reasonable attorney fees, and all court costs. On July 23, 1992, Ram Coating filed an answer and re-conventional demand “as successor in interest to^Ram Industrial Coatings, Inc.” In its reconventional demand in that suit, Ram Coating sought recognition of a lien filed in Bossier Parish on June 8, 1992, under the Public Works Act, LSA-R.S. 38:2241, et seq.
On February 22, 1993, the appellant filed the instant suit in Bossier Parish in which it sought a writ of mandamus to compel the Clerk of Court to cancel the lien from the parish mortgage records. The only named defendant was the clerk of court.
According to the allegations of the appellant’s petition, the Louisiana Public Works Act extends a privilege only to a “claimant,” which is defined under LSA-R.S. 38:2242 as a “person” to whom money is due under a “contract.” The appellant contended that neither Ram Industrial nor Ram Coating was a juridical person because they both had been dissolved in Florida, the state of their incorporation. Additionally, the appellant claimed that Ram Coating could not present any judicial demand before a Louisiana court under LSA-R.S. 12:301 and 12:314 because it was not a juridical person or registered to do business in this state.
As an additional basis for cancellation of the lien, the appellant asserted that there was no contract between it and Ram Coating, which was not a licensed Louisiana contractor. The appellant maintained that its contract was with Ram Industrial for the performance of a Public Works project in excess of $50,000; that any person performing work for improvement of immovable property in excess of $50,000 was required to have a valid Louisiana contractor’s license; and that any contract for improvement of immovable property in excess of $50,000 by an entity not duly licensed as a Louisiana contractor was null and ^unenforceable. Based upon these allegations, appellant sought a writ of mandamus directing the Clerk of Court to cancel the lien.
The Clerk of Court filed an answer and peremptory exception of nonjoinder of indispensable party. She asserted that Ram Coating was an indispensable party because the plaintiff’s cause of action was against the person required under LSA-R.S. 38:2242.1 to deliver written authorization to the recorder of mortgages directing cancellation of the lien.
Transamerica, as surety of Ram Industrial, obtained permission to intervene in opposition to the cancellation of the lien. It contended that the proper procedural device was a petition for declaratory judgment, not a writ of mandamus.
On March 4, 1993, the matter was argued in the trial court. On March 8, 1993, the trial court issued written reasons dismissing the action. It agreed with Transamerica that declaratory judgment was the appropriate format for resolving the issues in this case. Accordingly, a judgment dismissing the plaintiffs petition was signed on June 14, 1993.
The plaintiff appealed, asserting that the trial court erred in the following respects: (1) ruling that mandamus was not the proper procedure for cancelling the statement of claim or privilege; (2) failing to grant the mandamus where the lien holder had no juridical personality and no contractual relationship with the appellant and thus was not a claimant under the Public Works Act; and (3) failing to grant the mandamus when the lien holder never sought authorization to do business in the state of Louisiana and was therefore allegedly precluded from present *1093 ing any judicial demand in a Louisiana court. Based upon our resolution uof the first assignment of error, we pretermit consideration of the last two assignments, which concern the merits of the lien filed against the appellant.
In brief, the Bossier Parish Clerk of Court announced her readiness to perform her legal duties as directed by this court. She asserts that her only concern is that the lien holder receive due process in the form of some notice of the Bossier suit, pursuant to Matkeme v. Guilliot, 544 So.2d 723 (La.App. 3d Cir.1989), writ denied, 551 So.2d 633 (La.1989).

LAW

LSA-R.S. 38:2242.1 provides, in pertinent part:
A. If a statement of claim or privilege is improperly filed or if the claim or privilege preserved by the filing of a statement of claim or privilege is extinguished, the public entity, contractor, or subcontractor, or other interested person may require the person who has filed a statement of claim or privilege to give a written authorization directing the recorder of mortgages to cancel the statement of claim or privilege from his records. The authorization shall be given within ten days after a written request for authorization has been received by the person filing the statement of claim or privilege from a person entitled to demand it.
B. One who, without reasonable cause, fails to deliver written authorization to cancel a statement of claim or privilege as required by Subsection A of this Section shall be liable for damages suffered by the public entity, contractor, subcontractor, or other interested person requesting the authorization as a consequence of the failure and for reasonable attorney’s fees incurred in causing the statement to be cancelled.
C. A person who has properly requested written authorization for cancellation shall have an action against the person required to deliver the authorization to obtain a judgment declaring the claim or privilege extinguished and directing the recorder of mortgages to cancel the statement of claim or privilege if the person required to give the authorization fails or refuses to do so within the time required by Subsection A of this Section. The plaintiff may also seek recovery of damages and attorney’s fees to which he may be entitled under this Section.
D. The action authorized by this Section may be by summary ^proceeding and may be brought in the parish where the statement of claim or privilege is recorded.
E. The recorder of mortgages shall cancel a statement of claim or privilege from his records by making an appropriate notation in the margin of the recorded statement upon the filing with him, by any person, of:
(1) A written request for cancellation, to which is attached a written authorization for cancellation given by the person who filed it; or
(2) A certified copy of an executory judgment declaring the claim or privilege extinguished and directing the cancellation. [Emphasis added.]
LSA-R.S. 38:2242.1 generally tracks the language of LSA-R.S. 9:4833 of the Private Works Act. Comment (a) to that statute provides, in pertinent part, as follows:
Many construction projects contemplate or are dependent upon financing arrangements, leases, or conveyances that are to be consummated shortly after completion of the work. This section is designed to discourage the filing of a claim that is clearly unjustified, late, or otherwise made without reasonable cause for believing it is valid in the hope that economic pressure may be placed upon the owner or contractor to extract a settlement or other payment as the price of a release.
LSA-C.C.P. Article 3862 provides that the writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. Mandamus has been held to be the proper remedy for compelling a recorder of mortgages to cancel or erase an illegal or unauthorized inscription. Realsco, Inc. v. Green Acres Civic Association, 169 So.2d 570 (La. *1094 App. 4th Cir.1964); Gauguin, Inc. v. Addison, 288 So.2d 893 (La.App. 1 Cir.1973), writ denied, 293 So.2d 167 (La.1974); Klein v. Recorder of Mortgages for Parish of Orleans, 430 So.2d 1047 (LaApp. 4 Cir.1983).
IfiSince an improper or illegal lien recorded against immovable property will hamper the owner in efforts to encumber or sell the property, it would be an injustice to require the owner in all such cases to await the outcome of ordinary proceedings to cancel the lien. Gauguin, Inc. v. Addison, supra.
An ex parte mandamus proceeding which effectively cancels a mortgage or lien without notice to the creditor is inherently violative of the due process rights of the mortgagee or lien creditor as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Louisiana Constitution. Due process requires notice which is “reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present objections. Matheme v. Guilliot, supra.
A suit for declaratory judgment is an ordinary, not a summary, proceeding. See La. C.C.P. Arts. 851 and 1871, et seq. A suit,for mandamus may be brought by a summary proceeding. See C.C.P. Art. 2592(6). Citizens Organized for Sensible Taxation (C.O.S.T.) v. St. Landry Parish School Board, 528 So.2d 1048 (La.App. 3 Cir.1988).

DISCUSSION

As previously noted, a summary proceeding such as mandamus is an appropriate procedural device to seek cancellation of an illegal or unauthorized inscription. The expedient use of summary proceedings is justified in a situation like the present one because of the injustice and financial hardship which may result from requiring the appellant to proceed by an ordinary proceeding, such as an action for declaratory judgment. Furthermore, summary proceedings are specifically authorized under LSA-R.S. 38:2242.-1(D) to allow a party in the appellant’s position to proceed swiftly and without unfair delay.
However, the proceedings under this statute must be brought against the person who filed a statement of claim or privilege and who was consequently required to deliver a written authorization directing the recorder of mortgages to cancel the statement of claim or privilege from his records. See LSA-R.S. 38:2242.1(0. Therefore, while the appellant acted properly in bringing a mandamus action, it acted improperly in bringing that action solely against the recorder of mortgages. See and compare Cole’s Construction Co., Inc. v. Knotts, 619 So.2d 876 (LaApp. 3 Cir.1993), wherein a mandamus action was brought by a contractor against a sole proprietorship and the clerk of court to seek cancellation of a lien filed by the sole proprietorship.
Under the circumstances presented in this case, Ram must be made a party to the action to protect its due process rights. Matheme, supra. LSA-C.C.P. art. 641 provides for the compulsory joinder of indispensable parties. The law further states that an action cannot be adjudicated unless all indispensable parties are joined therein, and the failure to join such parties may be noticed by an appellate court on its own motion. LSA-C.C.P. Art. 927. The appropriate action to be taken when an appellate court notices the absence of an indispensable party is to remand the case to the trial court for the joinder of the indispensable parties and a retrial of the case. Matheme v. Guilliot, supra.
Consequently, we order that Ram Coating be joined as an indispensable party under LSA-C.C.P. Art. 927 and that the matter be remanded to the trial court for further proceedings.

CONCLUSION

The judgment of the trial court dismissing the appellant’s suit is reversed, and the matter is remanded to the trial court for further proceedings in accordance with this opinion. Costs are assessed against the appellant.
REVERSED AND REMANDED.