659 So.2d 849 (1995)
Conrad FREY, III and Christine Ann Frey
v.
AMERICAN QUARTER HORSE ASSOCIATION.
No. 95-CA-157.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 1995.
*850 W. Monroe Stephenson, New Orleans, for plaintiffs-appellees.
James J. O'Connor, New Orleans.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The only issue in this case is whether intervenor-appellant, the record owner of three horses, is an indispensable party to a suit seeking to have plaintiffs-appellees declared the true owners of the animals and ordering the custodian of those records to change them to reflect this alleged true ownership. In our opinion, the intervenor-appellant is clearly indispensable to that suit, and the default judgment entered herein must therefore be set aside and the matter remanded for further proceedings.
The plaintiffs, Conrad Frey, III, and Christine Ann Frey, were at one time the owners of three quarter horses. It appears that at the time this dispute arose the animals were in the possession of Frances Trupiano, intervenor-appellant, in Tangipahoa parish. The Freys indicate that when they sought to recover possession of the horses they discovered that the registration papers on file with the American Quarter Horse Association showed that ownership had been transferred to Trupiano. They thereupon filed the present action for injunctive and declaratory relief, alleging that they were still the owners of the animals and that the documents submitted to the Association to have the record ownership changed from their names to that of Trupiano were forgeries. However, the petition only named the Association as a defendant, and the main relief sought was for the court to compel the Association to delete the purported transfer to Trupiano and restore plaintiffs to record ownership.
Upon service of the suit, the Association's attorney contacted plaintiffs' attorney and agreed basically not to answer or otherwise contest the matter so long as plaintiffs were not seeking a monetary judgment against the Association. He further represented that the Association would cause its records to correspond with any "final, non-appealable judgment ... as to the ownership of these horses." He also asked that the registration certificates delivered to Trupiano be deposited with the court and returned to the Association because without these originals any transfer of title would be impossible.
*851 Apparently because of the above discussions, the Association did not answer the suit. On October 21, 1994, a hearing was held on the preliminary injunction to prevent any further transfer of the record ownership of the horses by the Association pending resolution of the case. Both Freys testified that they had never transferred ownership of the horses, and also stated that the transfer documents sent to the association and purporting to bear their signatures were forgeries. A third person testified that Trupiano told him that "she signed the papers because Mr. Frey wouldn't." On this evidence, the preliminary injunction issued. On November 18, 1994, a default judgment was entered, based solely on the testimony from the prior hearing. That judgment declared that the papers authorizing transfer of ownership to Trupiano were forged and that the Freys were, and had always been, the true owners of the horses. It further ordered the Association to correct its records to reflect that uninterrupted ownership. On December 1, 1984, a writ of possession issued authorizing the sheriff to take possession of the animals and deliver them to plaintiffs. It appears that Trupiano learned of the matter only when action was taken in Tangipahoa parish to execute the writ. At that point she timely perfected this suspensive appeal.
As noted above, the issue here is whether or not Trupiano is an indispensable party to this litigation. Article 641 of the Louisiana Code of Civil Procedure provides that:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
Article 645 of the Code states pertinently:
The failure to join an indispensable party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion.
Finally, Article 2087 provides that:
A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.
In this case, there is no question that Trupiano could have intervened in the suit in the district court to assert her interests as record owner of the horses, and she is therefore entitled to bring this appeal. Further, because the jurisdiction of this court has now attached, the lack of an indispensable party in the district court proceeding is a defect which may be raised by a party or noticed by this court on its own motion. Further, such a defect, if present, is one which is fatal to any adjudication of the dispute.
The only remaining question here is therefore whether Trupiano's interests are so interrelated to the controversy and would be so affected by any judgment that she must be joined as a party. It is impossible to conclude that they are not. Indeed, the American Quarter Horse Association's records show that she owns the horses, and has issued certificates to that effect. The Freys assert that they are in fact the owners, and presented testimony from a third person during district court proceedings for the preliminary injunction to the effect that Trupiano had forged plaintiffs' signatures on certain documents and filed them with the Association. The judgment declares the documents to be forgeries (thus implicitly labeling Trupiano as a forger), declares the Freys to be the owners, and orders the Association to correct their records in favor of the Freys. Moreover, the judgment is the basis of a writ of possession ordering the horses taken from Trupiano and delivered to the Freys. The effect of affirming these court actions would be that the record owner, title-holder, and possessor of certain movables has been judicially determined not to be the owner or legal possessor of that property, and moreover has been labeled a criminal, all in a proceeding of which she had no notice, was never made a party, and was not given an opportunity to be heard. In these circumstances, we must conclude that her interests are so intertwined with the proceeding and would be so directly affected, that no equitable *852 adjudication of the matter can be made without her being a party thereto.
We further point out that our procedural article on indispensable parties implicates the "due process clause" of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 2, of the Louisiana Constitution. In Matherne v. Guilliot, 544 So.2d 723 (La.App. 3rd Cir. 1989) the court recognized that due process requires that interested parties be given notice and an opportunity to be heard when their rights are to be affected, referring to Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
The facts of Matherne, which are in some ways similar to the present matter, were that a judgment in favor of a bank had been recorded in the mortgage office before the time for taking a suspensive appeal had run. The judgment debtor brought a mandamus action against the clerk of court to compel him to cancel the judicial mortgage on grounds that the judgment was not yet final, and was therefore still inexecutable. The matter was heard summarily, the mandamus issued, and shortly thereafter the judgment debtor recorded a conventional mortgage on all of his property in favor of another mortgagee. The bank, who was not made a party, learned of the matter after the fact, and unsuccessfully urged a motion for a new trial in the district court. It then appealed.
The appellate court vacated the mandamus judgment as an absolute nullity, on grounds that it was rendered without an indispensable party (the bank) being joined. It noted particularly that the clerk of court was not a real party in interest, but only a nominal party, and indeed that the only real party in interest was the bank. It further noted that the bank's interests in maintaining the mortgage inscription (and implicitly its ranking) were in direct opposition to the interests of Matherne, and indeed were the only such opposing interests in the entire dispute. It concluded on these facts that the bank was an indispensable party and therefore that Code Civ.Pro., Art. 641, precluded any adjudication of that parties rights without its joinder in the suit.
We find the above case persuasive. In the present matter, the Association is similar to a clerk of court in that both are custodians of records which relate to ownership and other rights to property. The Association has no real interests in the litigation, and agreed not to contest the matter and to abide by whatever judgment the court might issue. The only party with any real interest in the ownership of the horses is Trupiano, and this interest is directly opposed to those of the Freys. Moreover, although it is suggested that the judgment only affects the records of the Association, and does not adjudicate actual ownership, this assertion is belied by the language of the judgment itself which declares the Freys to be the owners. Considering all of these factors, we can only conclude that Trupiano is an indispensable party to the litigation and that the adjudication made without her being made a party is an absolute nullity, and we so rule.
The appellees argue, to the contrary, that the trial judge has made factual findings as to the forgeries which are not manifestly erroneous, based as they were on the plaintiffs' uncontroverted testimony at the preliminary injunction hearing that they never transferred ownership of the animals to anyone else. They further assert that because the transfers of title to Trupiano were based on these forgeries, she never acquired any ownership interests in the animals which could be affected by the adjudication, and consequently she cannot be deemed an indispensable party. If adopted, this argument would lead to absurd results. The analysis of whether there is an unjoined indispensable party must be made prior to any adjudication, not after it. The statute explicitly states that there can be no adjudication unless all indispensable parties are joined. To make an adjudication which disposes of the rights of unjoined parties and then conclude, based on that adjudication, that they had no rights to begin with and were thus not indispensable, would render the statute meaningless. We decline to construe the law in that way.
For these reasons, we rule that Frances Trupiano is an indispensable party to this litigation. Because the judgment rendered *853 in this matter issued without her being made a party, we hold it to be an absolute nullity and set it aside. We likewise set aside the writ of possession. We do, however, leave in effect the injunction prohibiting any further transfer of title to the horses until the litigation is resolved. The matter is hereby remanded to the district court for further proceedings consistent with this opinion.
JUDGMENT VACATED, MATTER REMANDED FOR FURTHER PROCEEDINGS.