487 So.2d 775 (1986)
James KLEIN
v.
Judith Ann Brown KLEIN.
No. 85-166.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1986.
Joseph A. Perrault, Jr., Baton Rouge, for defendant-appellant.
John P. Navarre, Oakdale, for plaintiffappellee.
Before KLIEBERT, DUFRESNE and WICKER, JJ. Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tem.
This appeal arises from a judgment changing the custody of Nichole Rene Klein from her mother, Judith Ann Brown Klein Davis, to her father, James Klein. We vacate the judgment and remand.
On January 25, 1983, James Klein obtained a legal separation from Judith Klein Davis in the 33rd Judicial District Court. At that time the trial court awarded joint custody of the four minor children of the marriage to both parents. Physical custody of three of the children, Nichole, Courtney and James Kyle was awarded to the mother and physical custody of the fourth child, Kristin, was awarded to the father.
On October 24, 1984 James Klein filed a rule to change the custody of Nichole from the mother to himself and further sought a specific schedule of visitation with Courtney and James Kyle. The petition and an order to show cause why the custody of Nichole should not be changed was served on Judith Davis on November 1, 1984. However, the order failed to contain a date and time for defendant to appear. On November 27, 1984 a preliminary default was *776 entered against defendant and on December 6, 1984 the trial court rendered judgment changing the custody of Nichole from Judith Davis to James Klein and granting James Klein specific visitation privileges with Courtney and James Kyle Klein.
Defendant-in-rule, Judith Davis, appealed devolutively to this court urging that the trial court erred in granting a default judgment changing custody and visitation of the children involved where the order to show cause failed to state a certain date and/or time for Judith Davis to appear as required by Rule III of the Rules of Court for the 33rd Judicial District and the due process clause of 14th Amendment of the United States Constitution.
Rule III, Section 4 of the Rules of Court for the 33rd Judicial District Court states that "Each rule shall be tried on its return date whether contested or not, unless otherwise ordered by the Court." We agree with Ms. Davis that the rule implicitly requires notice to the defendant of the date and time of the hearing in order to provide an opportunity to contest or object to the relief sought by the mover in the rule.
A rule to show cause is a summary proceeding governed by the provisions of L.S. A.-C.C.P. Art. 2591 et seq. L.S.A.-C.C.P. 2592 delineates the type of actions which may be tried by summary proceeding and the article allows custody matters to be tried in this manner. Where summary proceedings are utilized, L.S.A.-C.C.P. Art. 2594 states:
"Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant." [Emphasis added]
The Official Revision Comments following the article state in pertinent part:
"... However, due process of law requires the service upon defendant of notice of plaintiff's demand, and of the date and hour appointed by the court for the trial of the summary proceeding ..."
Procedural due process requires notice, and an opportunity to be heard in orderly proceedings adapted to the nature of the case in accord with established rules. Vaughan v. Housing Authority of New Orleans, 80 So.2d 561 (Orl.La.App.1955), Succession of Griffith, 415 So.2d 670 (La. App. 4th Cir.1982). A basic requirement of due process is notice reasonably calculated under all circumstances to apprise interested parties of the pendancy of the action and afford them an opportunity to present objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Depriving a person of a right, without an opportunity to be heard, offends the notion of due process as guaranteed by Article 1, Section 2, of the Louisiana Constitution as well as the 14th Amendment of the United States Constitution. Saizan v. Saizan, 311 So.2d 281 (La. App. 1st Cir.1974).
In this case the record reflects that appellant was served with a citation, a copy of appellee's petition and an order to show cause why the custody of Nichole should not be changed. However, the order neglected to state a time and date for the hearing. Thus, it is obvious that the order to show cause signed by the trial judge fails to comply with the requirements of L.S.A.-C.C.P. Art. 2594, the rules of court for the 33rd Judicial District Court and the due process clauses of the United States Constitution and/or the Louisiana Constitution. Consequently, the judgment must be annulled and the case remanded for a new trial.
Accordingly, after a review of the law and evidence, the judgment of the trial court is hereby vacated and the case remanded to that court for further proceedings consistent with this opinion.
The costs of this appeal are to be paid by the appellee.
JUDGMENT VACATED AND REMANDED.