LHENRY G. SULLIVAN, JR., Judge.
This is an appeal from a judgment denying appellant’s, Erin McMahon’s, request for a rule to show cause hearing on an Expedited Motion for Contempt, to Modify Injunction, to Modify Custody, or to Modify Domiciliary Status and Visitation, to Update Previous Evaluation, to Reset Child Support Hearing, and to Make Past Due Child Support Under Agreement Ex-ecutory Immediately.
Joseph R. McMahon, III and Erin McMahon were married on January 2, 1993, and of this marriage one child was born, William Joseph McMahon. Appel-lee, Joseph R. McMahon, III, filed a petition for divorce under Article 103(1) of the Louisiana Civil Code on January 4, 1999. In February of 1999, a motion was filed by Erin McMahon, asking the court to grant joint custody of the minor child to the parties. An evaluation was performed and a written report was forwarded to the court. Trial was scheduled on August 29, 2001. After lengthy discussions and conference with the trial judge, a consent judgment was dictated into the record naming the parties as co-domiciliary parents of the minor child, and creating a new visitation schedule. Thereafter, the parties could not agree on the language of the written judgment to be presented to the court for signature. A conference with the court was scheduled for November 28, 2001, at which time the transcript of the consent was compared to the written judgment as revised by the 1 ¡¡court. The parties were questioned by the court regarding the correctness of the written judgment. The parties acknowledged that the written judgment accurately reflected the consent as read into the record, and the court signed the judgment.
On December 12, 2001, appellant filed an Expedited Motion for Contempt, to Modify Injunction, to Modify Custody, or to Modify Domiciliary Status and Visitation Schedule, and to Update Previous Evaluation. On December 17, 2001, the district court denied these Motions sua sponte and without a hearing.
The first issue on appeal is whether the district court improperly denied appellant a hearing on her Motion to Modify Custody or to Modify Domiciliary Status. Appellant asserts such a denial was a violation of procedural due process under *586 U.S. Const. amend. XIV and the La. Const., art. I § 2. Procedural due process requires notice, and an opportunity to be heard in an orderly proceeding adapted to the nature of the case in accord with established rules. Klein v. Klein, 487 So.2d 775, 776 (La.App. 3 Cir.1986).
A second issue raised by the appellant is that the district court erred when it denied the Motion to Modify Visitation without a hearing. Appellant argues that a hearing is necessary for the court to make the requisite best interest finding. Becnel v. Becnel, 98-598 (La.App. 5 Cir. 3/25/99), 732 So.2d 589. The parties entered a consent judgment into the record on August 29, 2001 concerning the issues of custody and visitation. A consent or stipulated judgment is not a considered degree. A “Considered Decree,” which is distinct from a stipulated judgment, is an award of permanent custody in which the trial court receives evidence of parental fitness to exercise care, custody, and control of children. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731. Where the original custody decree is a stipulated judgment, the party seeking modification must prove (1) there has been material change of circumstances since original custody decree was entered, and (2) proposed modification is in the best interest of child; the party is not required to Lprove that the continuation of the present custody is so deleterious to the child as to justify modification or that harm likely to be caused by change of environment is substantially outweighed by advantages to the child. Id. The heightened burden of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), does not apply to change of custody in this matter. The consent judgment entered into by the parties was not a considered decree.
In her third issue on appeal, appellant argues that the trial court erred when it refused to set a hearing on the Motion for Contempt, to Modify Injunction, to Modify Custody, or to Modify Domiciliary Status and Visitation Schedule, and to Update Previous Evaluation. Louisiana Code of Civil Procedure article 1672(B) states:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all evidence.
Appellant argues that a hearing was not set and the trial court dismissed the motion sua sponte without a hearing. We agree. It was improper for the trial court to deny the appellant a hearing on the rule to show cause.
The fourth issue on appeal is whether the trial judge is prejudiced or biased towards this cause to such an extent that he is unable to be fair and impartial. This issue should be decided by a trial court in accordance with the law and procedure found at LSA-C.C.P. art. 151 et seq. and LSA-C.C.P. art. 4863.
For the reasons stated above this case is remanded to the trial court to conduct a hearing in order to determine the best interest of the minor child [ ..¡regarding custody and visitation.

REVERSED AND REMANDED.