ROBERT M. MURPHY, Judge.
12This appeal arises from the denial of a motion for new trial, based on a claim of insufficiency of service of process on a motion for summary judgment and exception of prescription. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
During the period from 2007 to 2010, Carmen Baloney (“Ms. Baloney”) worked as funeral director for appellant, Baloney Funeral Home, L.L.C. (“BFH”) as an employee or independent contractor.[1] In this time frame, Ms. Baloney negotiated 197 insurance checks payable to BFH for funeral services. These checks were allegedly taken from the post office and cashed at the Garyville |sGeneral Store (“Gary-ville”), which in turn deposited them into its account with First National Bank USA (“FNB”).
On December 8, 2010, appellant filed the instant petition for damages against FNB, Garyville, and Ms. Baloney to recover losses from converted BFH checks from 2007 to 2010, totaling approximately $630,000.[2] BFH contended that FNB aided Ms. Baloney and Garyville in fraudulently negotiating the BFH checks. BFH alleged that the three defendants fraudulently colluded: FNG issued a line of credit to Garyville; the line of credit allowed Garyville to cash the checks for a fee; and Ms. Baloney could not have acted without the store and the bank.
On January 22, 2013, FNB filed a combined motion for summary judgment and exception of prescription. FNB argued that there is no genuine issue of material fact that Garyville, not FNB, was liable for Ms. Baloney’s alleged conversion as Ms. Baloney was a “responsible employee” under Louisiana’s Uniform Commercial Code (“U.C.C.”). FNB argued that Ms. Baloney’s status as an independent contractor, as argued by BFH, is unavailing because *732 the Louisiana U.C.C.’s definition of “employee” includes independent contractors.
In its exception of prescription, FNB contended that when BFH did not file its complaint until December 28, 2010, most of BFH’s claims for conversion had already prescribed under La. U.C.C.’s one-year prescription period for conversion. In response, BFH contends that it would have presented evidence of FNB’s fraudulent collusion sufficient to suspend prescription if only it had received sufficient notice.
The motion for summary judgment and exception of prescription were set for hearing on March 11, 2013. FNB requested service,on BFH as follows:
LPLEASE SERVE:
* * *
Robert B. Evans, III
Cesar R. Burgos
Gabriel 0. Mondino
Maria J. Leon
Burgos & Evans, LLC
3535 Canal Street ■
New Orleans, Louisiana 70119-6135
[[Image here]]
Attorneys for BALONEY FUNERAL HOME, LLC
The February 1, 2013 service information in this matter is found in three separate documents. First, the Orleans Parish Sheriff Office’s “Disposition of Service” provides the following typed information:
Document Type: Motion for Summary Judgment
Name on Service: ROBERT B. EVANS III
Place of Service: 3535 Canal NEW ORLEANS, LA 70119
Method of Service: Personal
Served by: Green, Torn
Date Served: 2/1/2013
[[Image here]]
Date Time: 1/1/1900 10:06:Q0A
Second, the face of the actual service of process of FNB’s motion and exception, filed with the St. Charles Parish Clerk of Court on February 6,2013, provides:
[[Image here]]
Third, the following service information appears on the back of the actual service of process of FNB’s motion and exception, filed with the St. Charles Parish Clerk of Court on February 6,2013:
*733 [[Image here]]
Appellant BFH did not oppose the motion and exception, nor did it appear at the March 11, 2013 hearing. In BFH’s absence on the hearing date, the trial judge rendered judgment in open court against BFH, granting FNB’s motion for summary judgment, sustaining the exception as to the claims for conversion that defendant argued had prescribed on their face, and dismissing all claims against FNB for the remaining checks via summary judgment. The trial judge signed a judgment on March 21, 2013.
BFH filed a motion for reconsideration of judgment and/or in the alternative, for a new trial, contending its due process rights were violated as it did not have notice of the hearing and was not afforded an opportunity to respond. The trial court conducted a hearing on the new trial motion on June 10, 2013.
BFH’s counsel argued that any service on Maria Leon, if she was the person served, would have been ineffective, because she no longer worked at the firm when the February 1, 2013 service was allegedly made. BFH suggested in argument that “Maria” could have been an employee of another firm that shared the same physical address at 3535 Canal Street in New Orleans.[3]
FNB contended that BFH received sufficient notice of the March 11, 2013 hearing through service on “Maria,” whom it argued was Maria J. Leon, an |fiassociate in the Burgos and Evans law firm, who appeared in the original pleadings and on whom service was originally requested. FNB argued that BFH received procedural due process via this service and thus was not entitled to a new trial. FNB introduced the Sheriff’s return/disposition of service, the testimony of Deputy Green, and a copy of the cover letter FNB sent to the Burgos and Evans law firm directly, enclosing the unfiled and undated motion and exception in this matter.
The deputy testified about having served three different law firms at that same address on numerous occasions, though on cross-examination, he admitted he had no independent recollection of service on the date at issue or of service on a person named “Maria”:
FNB’S DIRECT EXAMINATION OF DEP. GREEN BY MR. FELDMAN:
*734 Q. Do you have any independent recollection of making this service on February 1?
A. No, I don’t.
Q. After making service what acts did you perform when you took the information back to the source of the request?
A. I write down who I served and what the date and time was.
[[Image here]]
BFH’S CROSS-EXAMINATION OF DEPUTY GREEN BY MR. EVANS:
Q. You mentioned Maria. Can you describe her at all?
A. I really can’t. I really don’t remember.
Q. Do you remember a young lawyer named Maria Leon, young Hispanic?
A. I really don’t. I don’t.
On June 14, 2013, the trial court rendered judgment denying BFH’s motion for new trial and assigned reasons. The trial court found that service was perfected according to La. C.C.P. art. 1292, thus creating a rebuttable presumption that the | ySheriffs February 1, 2013 return was prima facie correct. The trial court further found that BFH had failed to rebut the presumption. The trial court noted in its judgment that BFH did not deny receiving a courtesy copy of the motion for summary judgment and exception of prescription. In fact, the copy mailed by counsel would have been unfiled and undated and would have provided no notice of the hearing date or contained the trial court’s order to show cause. This appeal followed.[4]
ASSIGNMENTS OF ERROR
1. The trial court erred in holding BFH to the wrong burden of proof and therefore committed manifest error.
2. The trial court erred in denying BFH’s motion for new trial as BFH was denied due process by not receiving notice.
3. The trial court committed manifest error in granting FNB’s motion for summary judgment:
a. Appellant contends Ms. Baloney’s status as an employee is a genuine issue of material fact and thus precludes summary judgment; and
b. FNB failed to establish that Gary-ville was a registered check cash-er in 2007, 2008, 2009, and 2010.
4. The trial court committed manifest error and was clearly wrong in granting FNB’s exception of prescription.
STANDARD OF REVIEW
A district court’s decision denying a motion for new trial will not be disturbed “unless there has been a clear abuse of discretion.” Warner v. Carimi Law Firm, 98-613 (La.App. 5 Cir. 12/16/98), 725 So.2d 592, 597, writ denied, 99-0466 (La.4/1/99), 742 So.2d 560.
|SLAW AND DISCUSSION
Assignments of error numbers one and two address appellant’s contention that the trial court applied the incorrect burden to rebut the Sheriffs Disposition of Service and appellant’s assertion that the trial court erred in denying its motion for *735 new trial based on denial of procedural due process.
We find the issue of the correct burden of proof to rebut any presumption under these facts to be moot as we find that the service return did not establish a prima facie case to shift the burden to BFH for rebuttal. The trial court’s reasons for judgment denying BFH’s motion for new trial demonstrate that the trial court was aware of the correct burden of proof if there had been compliance with La. C.C.P. art. 1292,[5] viz., if the Sheriffs return of service had been “completed:”
The Louisiana Supreme Court has determined that article 1292 of the Louisiana Code of Civil Procedure provides a rebuttable presumption that a completed sheriffs return of service is correct, and that a party challenging the validity of the sheriffs return must demonstrate by a preponderance of the evidence that the sheriffs return is incorrect. (Emphasis added).
The general rule is that service by the Sheriff is presumed valid. La. C.C.P. art. 1292 creates a presumption of validity of correctness of service for a completed return.[6] Without the completed return, we do not reach the burden to rebut correctness, the issue in assignment of error number one. We note that even if the burden had shifted, that the correctness of service is rebuttable and not absolute. See Roper v. Dailey, 393 So.2d 85, 88 (La. 1980). The burden would have rested on the party attacking service to establish lack of service by a preponderance of the evidence. See Hall v. Folgers Coffee Co., 03-1734, p. 20 (La. 4/14/04), 874 So.2d 90, 105.
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.
| flLouisiana law sets forth predicate requirements to arrive at a rebuttable presumption. La. C.E. art. 308, Comment (b). The Legislature generally uses the term prima facie to accord the weight of a rebuttable presumption. Here, La. C.C.P. art. 1292 states that the sheriff deputy “shall endorse ... the date, place, and method of service and sufficient other data to show service in compliance with law.” Service of a pleading setting a hearing date can be served by the Sheriff on an office associate of the attorney of record. La. C.C.P. art. 1314(B).[7]
On January 22, 2013, FNB filed a combined motion for summary judgment and exception of prescription with service requested on BFH attorneys Evans, Burgos, Mondino, and Leon. The actual service of process indicates service on “Evans” only and appears to have been made in person *736 on “Maria,” without noting her surname or place of service. Service on Maria Leon is not shown even though defendant requested service on Maria J. Leon and same would have been effective by noting personal service on her. Instead, service is shown on “Evans.” If the person served was Maria Leon, the return should have so reflected.
“Sufficient other data” for effective service under La. C.C.P. art. 1314 would have required the complete name of the person served to establish the relationship within the law firm. The service documentation regarding the person allegedly receiving service here is incomplete and inconsistent, noting that the name “Maria” did not even appear on the Orleans Parish Sheriffs Disposition of Service form. That form further contained erroneous information that attorney Robert Evans, III had been personally served without mention of “Maria.” Deputy Green’s testimony was unavailing as he had no independent recollection of the service at issue.
|inThe requirements of La. C.C.P. art. 1314(B) are therefore lacking and inconsistent, other than the date. Personal service could seemingly have been effective on “Maria” but was not noted as service on counsel Maria Leon. Service on Evans could have been effective through an office associate if that person’s identity could be confirmed. The deputy’s inability to complete the information precludes any presumption of correctness to the return.
We therefore find an exception to the general rule which accords a rebuttable presumption of correctness to the completed sheriffs return because the prima facie case of validity is lacking; the return information does not comport with the statutory requirements. First, the Orleans Parish Sheriff Office’s Disposition of Service form shows that service was made on Robert B. Evans, III on February 1, 2013, personally, when it clearly was not. Second, the given name “Maria” on the actual return without a surname is not sufficient detail to show service on an office associate in compliance with the statute.[8] Third, there is no indication of where the alleged service was made. Under these facts, we do not consider the incomplete return at issue to be prima facie correct under La. C.C.P. art. 1292. Accordingly, the instant return does not create a statutory presumption shifting the burden. We find that the trial court manifestly erred in finding (1) that the Sheriffs service return was entitled to a presumption of correctness and (2) its corollary, that the burden shifted to BFH to rebut the presumption of correctness by a preponderance of the evidence. As BFH had no burden to rebut, any failure to offer testimony or evidence is not fatal to its challenge to the Sheriffs return.
Considering the facts presented, the deputy’s lack of memory, and the return’s lack of sufficient detail, we find that BFH was deprived of its rights of due process because of the failure to provide notice of trial of the motion for summary | njudgment and exception of prescription. La. C.C.P. art. 1571; La. Const. Art. 1, Sec. 22.
Regarding assignment of error number two, we find that the trial court abused its discretion in denying the motion for a new trial. La.Code of Civil Procedure article 1973 provides, “[a] new trial may be granted if there is a good ground therefor.” The moving party bears the burden of proving that there are adequate grounds for a new trial. See Dragon v. Schultz, 97-664 (La.App. 5 Cir. 1/14/98), 707 So.2d 1274, 1276. A trial court is *737 afforded great discretion in granting a new trial, and its decision denying a motion for new trial will not be disturbed “unless there has been a clear abuse of discretion.” See, e.g., Warner, supra, 725 So.2d at 597.
Procedural due process requires “notice and an opportunity to be heard in an orderly proceeding.” McMahon v. McMahon, 02-0211 (La.App. 5 Cir. 9/30/02), 829 So.2d 584, 586. A final judgment cannot be rendered against a party who has not been given proper notice. Roman v. LRASIF Claims Mgt., 11-393 (La.App. 5 Cir. 12/13/11), 81 So.3d 895, 899. We conclude that BFH was deprived of an opportunity to present its case on both the motion and exception. Based on the foregoing analysis demonstrating insufficient notice and lack of the prima facie correctness in the return, we find that the trial court abused its discretion in denying BFH’s motion for new trial.
Assignment of error number two therefore has merit.
Assignments of error numbers three and four pertain to the substantive issues of FNB’s motion for summary judgment and exception of prescription. Considering that the trial court denied BFH’s motion for new trial (without hearing the merits) and the motion and exception were never set for hearing with proper 112notice and opportunity for BFH to oppose and appear, we remand the case for a hearing on the motion and exception.

DECREE

For the foregoing reasons, we reverse the trial court’s judgment denial of BFH’s motion for new trial and remand for further proceedings.

REVERSED AND REMANDED.

. BFH responded to discovery that Ms. Baloney was responsible for “billing and collections.” When asked if she was an employee, BFH responded that she received 1099’s, which are sent only to independent contractors.

. BFH alleges that Ms. Baloney converted approximately $630,000 in BFH checks over four years as follows: $170,000 in 2007; $220,000 in 2008; $185,000 in 2009; and $55,000 in 2010.

. The record indicates that attorney and State Representative Nick Lorusso and attorney Greta L. Wilson share the same physical address.

. Appellees contend that this appeal should have been dismissed as abandoned for BFH's failure to file its brief timely after extension. We find that BFH requested an extension of time before the grace period expired. The new date fell on a day this Court was officially closed for inclement, icy weather. BFH filed its brief the next day. Based on BFH's compliance, we find the appeal was not abandoned.

.La. C.C.P. art. 1292 provides:

. See Adair Asset Mgt. LLC/US Bank v. Honey Bear Lodge, Inc., 12-1690 p. 6 (La.App. 1 Cir. 2/13/14), 138 So.3d 6 (holding that the burden of persuasion “afforded a completed sheriffs return of service by LSA-C.C.P. art. 1292 is preponderance of the evidence.” (Emphasis added)).

. La. C.C.P. art. 1314(B) provides for service by sheriff "on a partner or office associate of a counsel of record, including a secretary, receptionist, legal staff, administrative staff, or paralegal in the employ of the counsel of record, at the office address of record of the counsel of record....” (Emphasis added).

. In fact, it is argued that there may have been another Maria in the building.