SUSAN M. CHEHARDY, Chief Judge.
laThis appeal arises from the trial court’s grant of an exception of prescription and summary judgment in favor of defendant-bank. For the reasons that follow, we affirm in part and reverse in part.

Facts and Procedural History

For many years, Carmen Baloney (“Ms. Baloney”) worked as funeral director for appellant, Baloney Funeral Home, L.L.C. (“BFH”). Between 2007 and 2010, Ms. Baloney personally negotiated 197 insurance checks, which were made payable to BFH for funeral services. According to BFH, Ms. Baloney, as part of her duties, aside from being a funeral director, made collection calls to. insurance companies and picked up BFH’s mail from the post office. At some point, Ms. Baloney opened mail that contained payments to BFH, endorsed the checks, presented the .checks at the Garyville General Store (“Garyville”), and obtained cash.. Garyville deposited those checks, which had been made payable to BFH into its account with First National Bank USA (“the Bank”). BFH did not have an account with the Bank.
On December 28, 2010, BFH filed the instant petition for damages against the Bank, Garyville, and Ms. Baloney to recover losses from- the converted BFH [¿¡checks, which totaled approximately $630,000.00, • BFH contended that the *206 Bank aided Ms. Baloney and Garyville by fraudulently colluding to convert the checks as follows: the Bank issued a line of credit to Garyville, which allowed Gary-ville, for a fee, to cash the checks, which Ms. Baloney fraudulently endorsed.
On January 22, 2013, the Bank filed an exception of prescription and motion for summary judgment seeking dismissal of all of BFH’s claims. In its filing, the Bank contended that Louisiana’s Uniform Commercial Code (“U.C.C.”) bars recovery for any conversions that occurred more than one year before this suit was instituted on December 28, 2010. With respect to claims regarding the remaining 27 checks that had not prescribed, the Bank further argued that BFH alone was liable under La. R.S. 10:3-405 for any alleged conversions as Ms. Baloney was a “responsible employee under the U.C.C.” To its motion for summary judgment, the Bank attached BFH’s contradictory answers to interrogatories, which, in its list of employees for the past six years, included Carmen Baloney as “funeral director, billing and collections,” but also denied that Carmen Baloney was either an employee or subcontractor of BFH. The Bank also attached an affidavit from its employee, Audrey Raziano, stating that its customer, Garyville, is a licensed check casher, which regularly deposits checks into its account. Attached to Ms. Razi-ano’s affidavit is a list dated November 16, 2012 of “active check cashers in Louisiana.”
The motion for summary judgment and exception of prescription were set for hearing on March 11, 2013. However, the Bank did not properly serve BFH so BFH neither filed an opposition to the Bank’s motion for summary judgment or exception, nor appeared at the March 11, 2013 hearing. That day, the trial judge maintained the Bank’s exception of prescription to the checks cashed before December 28, 2009, and granted summary judgment in favor of the Bank for the Ldaims regarding the remaining checks. The trial judge signed a written judgment to that effect on March 21, 2013.
BFH filed a motion for new trial, contending its due process rights were violated as it did not have notice of the hearing and was not afforded an opportunity to respond. After a hearing, the trial court denied BFH’s motion for new trial, finding that service was perfected according to La. C.G.P. art. 1292, which created a rebutta-ble presumption that the return of service was prima facie correct and BFH failed to rebut that presumption.
BFH appealed the denial of its motion for new trial. BFH v. First Nat’l Bank USA 13-904 (La.App. 5 Cir. 5/14/14), 147 So.3d 730. On appeal, this Court found that the service return did not establish a prima facie case to shift the burden to BFH for rebuttal, reversed the denial of its motion for new trial, and remanded for a hearing on the Bank’s exception of prescription and motion for summary judgment. Id. at 737.
On June 12, 2014, the Bank moved to reset the hearing on its exception of prescription and motion for summary judgment. Thereafter, BFH filed its opposition to the Bank’s exception of prescription alleging that its claims for conversion were not prescribed because Carmen Baloney was not a “responsible employee” so, under LaCombe v. Bank One Corp., 06-1374 (La.App. 3 Cir. 3/7/07), 953 So.2d 161, prescription was suspended under the theory of contra non valentum. Further, BFH argued that the Bank failed to exercise ordinary care in paying the instruments in question, which substantially contributed to BFH’s loss from Ms. Baloney’s fraud, citing Med Data Serv. Bureau, L.L.C. v. *207 Bank of Louisiana, 03-2754 (La.App. 1 Cir. 12/30/04), 898 So.2d 482.
In a supplement to its opposition, BFH attached an affidavit from Carl Baloney, Sr., the General Manager of BFH, admitting that Carmen was an | ^‘independent contractor” for BFH, who was “funeral director” and “occasionally responsible for billing and collection ... limited to administrative duties, such as making collection inquires [sic] on unpaid insurance policies,” but not “authorized to indorse instruments on behalf of BFH” or “process instruments for bookkeeping purposes.” BFH also attached its L.L.C. operating agreement and an affidavit from Yvette Cola, Vice President of FNBC Bank in New Orleans, who attested that “it is not standard procedure for a bank to accept for deposit, corporate checks that do [not] bear the signature of an authorized agent of the corporation” and “acceptance of checks payable to a corporation for deposit into the account of another was a deviation from ordinary and acceptable banking standards.”
On September 4, 2014, the Bank filed its reply to BFH’s opposition averring that, with respect to prescription, BFH failed to present evidence of fraudulent concealment of the conversion on the Bank’s part, which precludes BFH from relying on that theory of contra non valentum, citing Peak Performance Phyiscal Therapy & Fitness LLC v. Hibernia Corp., 07-2206 (La.App. 1 Cir. 6/6/08), 992 So.2d 527. Further, the Bank, citing Specialized Loan Servicing, LLC v. January, 12-2668 (La.6/28/13), 119 So.3d 582, 591 and Hardin Compounding Pharmacy LLC v. Progressive Bank, 48,397 (La.App. 2 Cir. 9/25/13), 125 So.3d 493, writ denied, 13-2517 (La.1/27/14), 131 So.3d 60, avers that, even with respect to non-customers, the discovery rule of contra non valentum cannot suspend the one-year prescriptive period for check conversion claims under La. R.S. 10:3-420. Regarding summary judgment, the Bank argued that BFH failed in its opposition to establish that a genuine issue of material fact exists as to whether Carmen Baloney was a “responsible employee” under La. R.S. 10:3-405(a)(3) or whether the Bank [,¡violated its internal policies or failed to exercise “ordinary care”[1] when accepting checks from its customer, Garyville.
On September 8, 2014, the matter came for hearing. On September 25, 2014, the trial judge maintained the Bank’s exception of prescription with respect to all checks converted before December 28, 2009 and granted its motion for summary judgment with respect to the remaining checks. BFH appeals both rulings.

Law and Argument

Prescription

Liberative prescription is a inode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. There is no prescription other than that established by legislation. La. C.C. art. 3457. Although the party pleading prescription ordinarily has the burden of proving it, when the face of the petition shows that the action has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. Hogg v. Chevron USA, 09-2632 (La.7/6/10), 45 So.3d 991.
*208 La. R.S. 10:3-420 of our Uniform Commercial Code provides, in pertinent part, that:
(a) An instrument is converted when .
* * ⅝
(iii) it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.
⅝ *• *
(f) Any action for conversion * * ⅞ prescribes in one year.
In this case, a bank made payment with respect to numerous instruments (checks) for an entity (Garyville) not entitled to enforce the instrument or receive ^payment (the payee was always BFH, never Garyville or Carmen Baloney). The district court committed no legal error in finding that La, R.S. 10:3-420 governs the claim for conversion of instruments and that the one-year prescriptive period applies to those instruments converted more than one year prior to the filing of suit.
 BFH also urges that the jurisprudential rule of contra non valentem, specifically, either the “discovery rule” or the “fraudulent concealment rule,” would suspend prescription in this case. In support, BFH cites LaCombe v. Bank One Corp., supra, which applied the discovery rule to suspend prescription in a case, based on conversion of instruments. However, in Specialized Loan, supra at 590, the supreme court directly held that the discovery rule did not suspend prescription in U.C.C. conversion cases governed by La. R.S. 10:3-420. Further, when considering the application of an exception to prescription, our brethren on the Second Circuit found “no • distinction between plaintiffs who are bank customers and those who are merely third parties.” Hardin Compounding Pharmacy LLC, supra at 500. We agree.
Upon review, we find no reasonable basis in the record to distinguish Specialized Loan, supra, from the instant matter. We are aware that this may seem like a harsh result yet we are constrained to follow our supreme court’s holding in Specialized Loan, supra at 590, that the discovery rule does not apply to suspend prescription in U.C.C. conversion cases govérned by La. R.S. 10:3-420, such as this case.
.Finally, BFH argues that another theory of contra non .valentum, “fraudulent concealment,” acts to suspend the one-year prescriptive period of La. R.S. 10:3^420(f). The Bank points out that BFH has npt set forth support for its argument that the Bank fraudulently concealed, the conversion from BFH. We agree that there is no support in this record that the Bank fraudulently concealed the ^conversions from BFH and, -thus, it has not borne the burden to support a suspension of prescription. Accordingly, we affirm the trial court’s ruling maintaining the Bank’s exception of prescription with respect to the conversions that occurred before December 28,2009.

Summary Judgment

Appellate courts review the granting of a summary judgment de novo using the same, criteria governing the trial court’s consideration of whether summary judgment is. appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547; Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248.
The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Trench v. Winn-Dixie Mont *209 gomery LLC, 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472. Summary judgment shall be rendered if the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). If the mover will not bear the burden of proof at trial, his burden on the motion requires him not to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966(C); Hogg v. Chevron USA, supra.
Once the mover meets this burden, the burden .then shifts to the opponent to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden at trial. La. C.C.P. art. 966(C)(2); Hogg v. Chevron USA, supra. In this situation, the plaintiff may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific |9facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967(B); Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880. Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion. La. C.C.P. art. 966(E)(2).
We turn now to whether the trial court properly granted summary judgment as to the remainder of, the third-party checks deposited on or after December 28, 2009. We note that the Bank alleges that Carmen Baloney was a “responsible employee” and, thus, any instrument that she negotiated should be her employer’s responsibility. BFH argues, however, that Carmen Baloney did not have responsibility as contemplated by the U.C.C. and, further, the Bank failed to exercise ordinary care to an. extent that contributed to the loss of those converted checks.
La. R.S. 10:3-405(b)- provides:
For the purpose of determining -the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in ..the name .of that person. If tfye person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise, ordinary care to the extent the failure to exercise ordinary care contributed to the loss. (Emphasis added).
La. R.S. 10:3-405(a)(3) provides:
“Responsibility”- with respect to instruments means authority (i) to sign or indorse instruments on behalf of the employer, (ii) to process instruments received by the employer for bookkeeping purposes, for deposit to an account, or for other disposition, (iii) to prepare or process instruments for issue in the name of the employer, (iv) to supply information determining the names or addresses of payees of instruments to be issued in the name of the employer, (v) to control the disposition, of instruments to be issued in the name of the employer, or (vi) to act otherwise with respect to instruments in a | ^responsible capacity. “Responsibility ” does not include *210 authority that merely allows an employee to have access to ■instruments or blank or incomplete instrument forms that are being stored or transported or are part of incoming or outgoing mail, or similar access. (Emphasis added).
After careful review of the record, we find that, at this juncture, there are genuine issues of material fact that preclude summary judgment in this case regarding whether Carmen Baloney was a “responsible employee” and whether the Bank exercised ordinary care under the circumstances. Therefore, the trial judge erred in granting summary judgment. Accordingly, judgment with respect to the conversions that occurred after December 28, 2009 is- reversed. This matter ⅛ remanded for further proceedings.

AFFIRMED IN PART: REVERSED IN PART; REMANDED

. Regarding "ordinary care” for "a bank that takes an instrument for processing for collection or payment by automated means,” “reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank’s prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this Chapter or Chapter 4.” La. R.S. 10:3-103(A)(7).