852 So.2d 541 (2003)
TERREBONNE PARISH SCHOOL BOARD
v.
BASS ENTERPRISES PRODUCTION COMPANY and Franks Petroleum, Inc.
No. 2002 CA 2119.
Court of Appeal of Louisiana, First Circuit.
August 8, 2003.
Rehearing Denied September 11 and 30, 2003.
*542 Michael X. St. Martin, Joseph G. Jevic, III, St. Martin & Williams, Houma, A.J. Gray, III, Wade T. Visconte, The Gray Law Firm, Lake Charles, for Plaintiff-Appellant Terrebonne Parish School Board.
Charles D. Marshall, Jr., David N. Schell, Jr., Milling Benson Woodward L.L.P., New Orleans, for Defendant-Appellee Bass Enterprises Production Co.
J. William Fleming, F. Drake Lee, Jr., Cook, Yancey, King & Galloway, Shreveport, for Defendant-Appellee Franks Petroleum, Inc.
Before: PARRO, McDONALD, and CLAIBORNE,[1] JJ.
PARRO, J.
Terrebonne Parish School Board (TPSB) appeals a judgment granting motions for summary judgment in favor of Bass Enterprises Production Company (Bass) and Franks Petroleum, Inc. (Franks), dismissing its claims against them on the basis that they were prescribed. Finding there is an "indispensable" party who has not been joined in the suit, we set aside the judgment of the district court and remand the case.

FACTUAL AND PROCEDURAL BACKGROUND
Section 16, Township 17 South, Range 13 East (the property) lies in Terrebonne Parish, and TPSB has the right to a proportionate share of any revenues derived from the property.[2] On September 14, 1977, TPSB entered into a mineral lease with Bass and Franks covering the property,[3] which is marshland located in a coastal wetland area of the parish. Among its provisions, the lease granted the mineral lessee the right to dredge canals. Bass dredged a canal to gain access to the drilling site and drilled a well; it was a dry hole, which was plugged and abandoned in July 1978. No additional operations were conducted on the property by Bass and Franks and no rentals were paid, so after three years, the lease terminated in accordance *543 with its terms. Bass and Franks had no further involvement with the property.
In October 1999, TPSB filed this suit against Bass and Franks in its capacity as an owner and mineral lessor of the property, alleging the defendants had breached their contractual duty required by the mineral lease to restore the property, "to the extent reasonably possible of accomplishment,... to a condition as nearly equivalent to that which existed before" they conducted their drilling operations. TPSB claimed the access canal had adversely impacted this coastal wetland property by the physical removal of marsh terrain, creation of spoil banks, and impairment of the natural flow of water over and across the property. TPSB asserted that the continued existence of the canal and spoil banks on the property was causing the destruction of the land, as erosion, loss of vegetation, and subsidence slowly and inexorably transformed it from stable marshland to open water. TPSB further alleged that, because the alteration of the marsh ecology had been a gradual and continuing process, it was unaware of its claim until sometime within the year prior to filing suit. TPSB urged the doctrine of contra non valentem as a defense to any assertion that its claims had prescribed. In the alternative, it alleged the failure to rectify the damage constituted a continuing tort and a continuing trespass, precluding the tolling of the prescriptive period. TPSB sought damages in an amount sufficient to restore the property to its original condition.
Eventually, Bass and Franks filed motions for summary judgment, asserting TPSB's contract and tort claims were prescribed. The motions were supported with affidavits, a copy of the 1977 mineral lease, a copy of the 1978 operating agreement, a copy of the 1978 plug and abandon report, TPSB's responses to various discovery requests, a copy of a 1985 mineral lease between TPSB and a different lessee, a copy of a newspaper article, minutes from TPSB meetings in 1981 and 1982, a transcript of TPSB committee proceedings in 1996, and copies of judgments from other lawsuits concerning the same issues. TPSB opposed the motions on the basis that the State of Louisiana (the State) retained an ownership interest in all sixteenth section lands, and prescription could not run against the State, even if those properties were administered by a state agency or other political subdivision. It further argued that, with respect to sixteenth section lands, the State and TPSB were solidary obligees vis-à-vis Bass and Franks, and therefore, the constitutional provision that prescription shall not run against the State operated to the benefit of TPSB also.
After a hearing, the trial court granted the motions for summary judgment, finding that all of TPSB's claims against Bass and Franks had prescribed. A judgment to that effect was signed April 30, 2002, and this appeal followed. TPSB re-urges on appeal the arguments it made to the trial court, namely, that Louisiana's constitutional prohibition of prescription running against the State may be invoked by TPSB and is applicable to its claims concerning the sixteenth section property.

DISCUSSION
Having reviewed the record in its entirety, this court is struck by the absence of the St. Mary Parish School Board (SMPSB) from this lawsuit, despite the facts that: (1) a portion of the township within which this sixteenth section property lies is located in St. Mary Parish, thereby entitling SMPSB to a proportionate share of the revenues from the property; and (2) SMPSB was one of the lessors in *544 the mineral lease with Bass and Franks, the alleged breach of which is ultimately the basis for the claims in this lawsuit. As previously noted, although Bass and Franks filed an exception raising the objection of nonjoinder of a party under Louisiana Code of Civil Procedure articles 641 and 642, the exception was never set for hearing and was not ruled on before the district court adjudicated the motions for summary judgment, dismissing TPSB's claims as prescribed.
The threshold issue for this court, therefore, is whether SMPSB should have been joined as a party to these proceedings. Article 641 of the Louisiana Code of Civil Procedure provides that a person shall be joined as a party in the action when he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may, as a practical matter, impair or impede his ability to protect that interest or may leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations. LSA-C.C.P. art. 641.[4] Articles 641 through 646 were amended by 1995 La. Acts, No. 662, § 1. Prior to those amendments, the party described in Article 641 was referred to as an indispensable party, and there could be no adjudication unless all indispensable parties were joined in the action. See Matherne v. Guilliot, 544 So.2d 723, 725 (La.App. 3rd Cir.), writ denied, 551 So.2d 633 (La.1989). While the latter provision no longer appears in Article 641, by using the word, "shall," the article still makes mandatory the joinder of the person described in Article 641 as a party to the suit. Stephenson v. Nations Credit Fin. Svces Corp., 98-1689 (La.App. 1st Cir.9/24/99), 754 So.2d 1011, 1018.
Thus, an adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity. Stephenson, 754 So.2d at 1018-19; Frey v. American Quarter Horse Ass'n, 95-157 (La.App. 5th Cir.7/25/95), 659 So.2d 849, 852. The analysis of whether there is an unjoined indispensable party must be made prior to any adjudication, not after it. Frey, 659 So.2d at 852. As was the case before the 1995 amendment to these articles, the failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion. LSA-C.C.P. arts. 645 and 927; Stephenson, 754 So.2d at 1018.
After careful consideration and with some reluctance, this court has concluded that SMPSB must be joined in this action. While we would prefer to address the merits of the arguments presented on appeal, we are constrained to set aside the judgment of the trial court and remand this matter for the joinder of SMPSB.[5]
As noted by Bass and Franks in their exception, a portion of Township 17 South, Range 13 East lies in St. Mary Parish. Louisiana Revised Statute 41:640 entities SMPSB to a proportionate share of the proceeds or revenues derived from the sixteenth section property at issue in this case in proportion to the percentage of the township lying in St. Mary Parish. The 1977 mineral lease with Bass and Franks was entered into by the State Mineral Board on behalf of both TPSB and *545 SMPSB as lessors. It clearly stated that although the leased property is situated entirely within Terrebonne Parish, the township "is located 83.08% in the Parish of Terrebonne and 16.92% in the Parish of St. Mary," and authorized and directed the mineral lessee to pay any and all rentals and royalties to the two lessors separately and in those proportions. In addition to being contractually required by the lease, this proportionate division is mandated by Louisiana law. See LSA-R.S. 41:640(B). Because contractual proceeds and revenues attributable to the property are clearly divisible between the school boards of the two parishes, they are not solidary obligees with respect to any such revenues.[6]See LSA-C.C. arts. 1789 and 1790. We believe the proportionate division of contractual proceeds and revenues mandated by the statute is also applicable to damages for breach of any such contract. Therefore, Louisiana Code of Civil Procedure article 643, which allows a solidary obligee to sue to enforce a solidary right without the necessity of joining all other solidary obligees in the action, is not applicable to the contractual claims in this case.[7]
It might appear from the divisibility of the revenues and proceeds that either or both parties could sue for their respective interests in the appropriate district court or courts, making it unnecessary to join SMPSB in this action. However, although TPSB and SMPSB have distinct and divisible rights to any proceeds attributable to the property, any decision rendered for or against TPSB on the particular claims made in this case will, as a practical matter, impede or limit SMPSB's ability to protect its similar interests in the property. Using the district court's judgment in this case as an example, if this court were to affirm the judgment that TPSB's claims were prescribed, SMPSB would be impeded or limited in its ability to assert similar claims against Bass and Franks, without ever having had the opportunity to protect those interests. On the other hand, if SMPSB were to file a separate suit making similar claims in another district court,[8] which then concluded on the basis of the facts and argument presented to it that these claims had not prescribed, the defendants would be subject to a substantial risk of incurring inconsistent obligations with respect to the property. In addition, the two parties having the exact same interests in the property would have inconsistent rights to recover on their claims. TPSB would be precluded from recovering its 83.08% of whatever damages might be recovered, while SMPSB could conceivably recover its 16.92% based on the same claims regarding the same property.
These are the precise reasons requiring joinder of an absent party, as set out in Article 641. It is axiomatic that *546 courts are without power to adjudicate the rights of a person who is not a party to the litigation or appropriately represented. When an appellate court notices the absence of indispensable parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent parties and retrial. State, Through Dep't of Highways v. Lamar Adver. Co. of La., Inc., 279 So.2d 671, 675 (La.1973); see also Rainey v. Entergy Gulf States, Inc., 01-2414 (La. App. 1st Cir.7/2/03), ___ So.2d ___, 2003 WL 21513390 (per curiam, on rehearing).

CONCLUSION
For the foregoing reasons, we set aside the judgment of the district court on the motions for summary judgment and remand the case for joinder of the St. Mary Parish School Board pursuant to Louisiana Code of Civil Procedure articles 644 and 646 and for further proceedings in accordance with this opinion.
JUDGMENT SET ASIDE AND REMANDED.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The United States Congress donated certain lands to Louisiana and other states for public educational purposes. See 43 U.S.C. § 871a. Known as "sixteenth section" lands, they were the sixteenth section of every township and could be conveyed by the State to parish school boards to be used for educational purposes. See LSA-R.S. 41:631; Cacioppo v. Tangipahoa Parish School Bd., 404 So.2d 945, 946 (La.1981). See also Terrebonne Parish School Board ex rel. Public Schools of Terrebonne Parish v. Texaco, Inc., 178 So.2d 428 (La.App. 1st Cir.), writ refused, 248 La. 465, 179 So.2d 640 (1965), cert. denied, 384 U.S. 950, 86 S.Ct. 1568, 16 L.Ed.2d 546 (1966). School boards are authorized to lease sixteenth section lands for the development and production of minerals. See LSA-R.S. 30:151-158 and 41:640.
[3] Although the property lies entirely in Terrebonne Parish, the township in which this sixteenth section property lies is located partly in Terrebonne Parish and partly in St. Mary Parish. Therefore, pursuant to Louisiana law, the school boards of both parishes were parties to the mineral lease and were to receive a proportionate share of any revenues. See LSA-R.S. 41:640. However, the St. Mary Parish School Board was not a party to this suit. An exception raising the objection of nonjoinder of a party was filed by Bass and Franks, but there is no indication in the record that this exception was ruled on by the district court before it adjudicated the motions for summary judgment.
[4] On the other hand, Article 643 provides that one or more solidary obligees may sue to enforce a solidary right without the necessity of joining the other solidary obligee(s) in the action.
[5] Under Louisiana Code of Civil Procedure article 644, if a party subject to the jurisdiction of the court should join as a plaintiff, but refuses or fails to do so, he may be joined as a defendant and required to assert his rights in the action or be precluded thereafter from asserting them.
[6] Louisiana Civil Code article 1789 provides that when a joint obligation is divisible, each joint obligee is entitled to receive only his portion. Article 1790 states that an obligation is solidary for the obligees only when it gives each obligee the right to demand the whole performance from the common obligor.
[7] Although we conclude that the joinder of SMPSB is required before the breach of contract claim can be adjudicated, we express no opinion as to whether the same principles concerning divisibility of revenues and proceeds would extend to damages attributable to the tort claims concerning the property.
[8] We note that an action arising from the breach of a lease of immovable property may be brought either in the parish where the immovable property is situated or in the parish where the defendant is domiciled. LSA-C.C.P. art. 80(A)(3). It appears from the petition that neither of the defendants in this case is domiciled in Terrebonne Parish, where the property is situated. Therefore, the possibility of a separate suit in another court exists.