JACKSON HOSPITALITY, LLC
v.
EMAD AHMAD ZAYED AND MAGNOLIA HOSPITALITY OF MISSISSIPPI, LLC
No. 2009 CA 0727.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
THOMAS KEIFFER, SR., Counsel for Plaintiff-Appellee Jackson Hospitality, LLC.
LAMAR M. RICHARDSON, Counsel for Defendant-Appellant Emad Ahmad Zayed and Magnolia Hospitality of Mississippi, LLC.
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Defendant-appellant, Emad Ahmad "Eddie" Zayed, appeals a summary judgment granted in favor of plaintiff-appellee, Jackson Hospitality, L.L.C. ("Jackson Hospitality"), that ordered Zayed to pay various sums allegedly due under the terms of a promissory note. We vacate the judgment and remand the matter to the trial court for further proceedings.

I. PROCEDURAL AND FACTUAL BACKGROUND
Jackson Hospitality, a Louisiana limited liability company, and Southern Hospitality of Mississippi, Inc. ("Southern Hospitality") entered into a lease/purchase agreement pertaining to certain property identified as the "Ramada Southwest Conference Center" located in Jackson, Mississippi. Jekishan "Jack" Chauhan signed the lease on behalf of Jackson Hospitality, and Zayed signed the lease on behalf of Southern Hospitality. The lease agreement provided, in pertinent part, that: 1) Jackson Hospitality was Lessor, and Southern Hospitality was Lessee of the property; 2) the lease was for a three year term, beginning on August 1, 2001, and ending on July 31, 2004;[1] 3) Lessee was to pay a monthly lease payment of $30,797.62 in addition to a "non-refundable" deposit payment of $450,000; and 4) during the term of the lease, Lessee was responsible for the payment of "all ad valorem real [estate] taxes and/or other assessments ... imposed upon the leased premises by Hinds County or the State of Mississippi." The lease agreement further obligated Lessee to pay all taxes due to the proper taxing authorities within fifteen days of Lessor's presentation of the tax bills to Lessee.
The leased premises consisted of two parcels of land, which are identified by the tax collector for Hinds County, Mississippi, as parcel numbers 220-8-4 and 220-8-15. For the 2003 tax year, the tax collector assessed the leased premises a total of $78,528.76 in property taxes. By letter dated December 9, 2003, Jackson Hospitality mailed Zayed copies of the 2003 tax bills. According to the affidavit of Jayanti Chauhan, a member of Jackson Hospitality, Zayed failed to pay the tax bills within fifteen days of presentation. Thereafter, the tax collector assessed interest on the delinquent taxes, bringing the 2003 taxes and interest due on the leased premises to $80,884.63.
Jackson Hospitality agreed to pay $11,300.00 toward the 2003 tax bill, and it loaned Zayed $69,589.42 to pay the remaining taxes and interest due on the leased premises. According to Jayanti Chauhan's affidavit, in consideration for the loan from Jackson Hospitality, Zayed executed a promissory note, dated April 27, 2004. in the amount of $69,589.42. The promissory note, which Zayed admits he signed, provides, in pertinent part:
FOR VALUE RECEIVED, the undersigned (Borrowers) (sic) promise to pay to the order of Jekishan Chauhan for himself and as agent for [Jackson Hospitality], the principal sum of [$69,589.42], bearing interest at the rate of [7%] per annum from date until paid payable in full of principal and interest due and owing on the 25th May, 2006 unless the entire balance is paid sooner.
... If the suit is brought to collect this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to: attorney's fees of twenty percent (20%) of the sums due hereunder, but in no event less than $1,000.00, together with all costs and expenses of suit.
...
Borrower shall pay to the Note holder a late charge equal to five percent (5%) of any amount not received by the Note holder withinfive (sic) business days after such payment is due under the terms hereof.
...
This Promissory Note is to be construed in all respect and enforced according to laws (sic) of State of Louisiana.
Jackson Hospitality made two payments to the tax collector to satisfy the 2003 tax bill and interest due on the leased premises. One of the payments was in the amount of $69,589.14, which was paid on Zayed's behalf.[2] According to Jayanti Chauhan's affidavit, as of August 14, 2008, none of the amounts due by Zayed under the promissory note had been paid.
On April 2, 2007, Jackson Hospitality filed suit against defendants, Zayed and Magnolia Hospitality of Mississippi, L.L.C, seeking to recover damages for Southern Hospitality's breach of the lease agreement and for sums allegedly due under the promissory note. On August 14, 2008, Jackson Hospitality filed a motion for partial summary judgment, seeking to recover the principal amount due, along with interest, the late charge, attorney's fees, and court costs based on the terms of the promissory note. By judgment dated September 30, 2008, the trial court granted plaintiffs motion and entered a judgment in favor of Jackson Hospitality and against Zayed, awarding the principal amount of $69,589.42, contractual interest at the rate of 7% per annum on the principal amount from April 27, 2004, until paid in full, a late charge in the amount of $3,985.33, attorney's fees, court costs, and legal interest.
Zayed appealed the trial court's judgment, urging the trial court erred by failing to recognize genuine issues as to material fact regarding the validity and enforceability of the promissory note and by failing to give a credit for a liquidated set-off.

II. ANALYSIS
A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). If the issue before the court on the motion for summary judgment is one on which the party bringing the motion will bear the burden of proof at trial, the burden of showing that there is no genuine issue of material fact is on the party bringing the motion. La. C.C.P. art. 966(C)(2); Buck's Run Enterprises, Inc. v. Mapp Const., Inc., 99-3054 (La. App. 1st Cir. 2/16/01, 808 So.2d 428, 431.
Under the terms of the promissory note in the instant case, Zayed agreed to "pay [the amounts due under the note] to the order of Jekishan Chauhan for himself and as agent for [Jackson Hospitality]." Thus, the obligation under the promissory note is joint for the obligees, Jekishan Chauhan and Jackson Hospitality. La. C.C. art. 1788. Where a promissory note is payable to two persons not alternatively, it is payable to both and must be enforced by both of them. See La. R.S. 10:3-110(d).
Although Jekishan Chauhan and Jackson Hospitality are payees under the terms of the promissory note, Jekishan Chauhan is not a party to this action. A person shall be joined as a party in the action when in his absence complete relief cannot be accorded among those already parties. The nonjoinder of a party may be noticed by the appellate court on its own motion. La. C.C.P. art. 927(B). Accordingly, we find that Jekishan Chauhan should be joined as a party because complete relief cannot be accorded between only Jackson Hospitality and Zayed.
When an appellate court notices the nonjoinder of a party in whose absence complete relief cannot be accorded among those already parties, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent party or parties and retrial. See La. C.C.P. art. 641 and 646; Terrebonne Parish School Bd. v. Bass Enterprises Production Co., 02-2119, p. 7 (La. App. 1st Cir. 8/8/03), 852 So.2d 541, 546, writs denied, 03-2786, 03-2873 (La. 1/9/04), 862 So.2d 984 and 985. Accordingly, we pretermit the merits of the issues raised by appellant.

III. CONCLUSION
For these reasons, we vacate the trial court's judgment on the motion for partial summary judgment and remand the case for joinder of Jekishan Chauhan pursuant to Louisiana Code of Civil Procedure articles 641 and 644. Assessment of appeal costs is to await a final disposition of this matter.
JUDGMENT VACATED; MATTER REMANDED.
NOTES
[1] The lease term was later extended.
[2] According to Jayanti Chauhan's affidavit, "Jackson made two payments totaling $80,889.42 to the Tax Collector in satisfaction of the 2003 tax bill and interest due on the Leased Premises  which included $69,589.14 paid on behalf of Zayed."