GUIDRY, J.
laThis matter comes before our court on appeal of a child custody and support judgment, wherein, among other things, the trial court modified the parties’ child support obligations and assessed arrearages. During the course of prior proceedings, however, the record indicates that the appellant, Tianya Spiewak, applied for child support enforcement services in accordance with La. R.S. 46:236.1.1-238. See La. R.S. 46:236.1.2(B)(1), • Consequently, the Department of Children, and Family Services (DCFS) initiated proceedings in the Family Court. of East Baton Rouge Parish against the appellee, Paul Allen Spiewak, wherein.he was, ordered to pay arrearages in the amount of $38,192, and an income- assignment order was rendered against him whereby DCFS collected monthly child support and arrearages payments, from Paul to distribute to Tianya.
Louisiana Revised Statutes 46:236.1.9(C) provides that DCFS1 “shall be an indispensable party to any proceeding involving a support obligation or arrearages owed” under La. R.S. 46:236.1.1-238. Thus, the DCFS is a party needed for just adjudication and was required to be joined as a party in this matter, which defect we' notice on our own motion. See La. C.C.P. arts. 641, 645 and 927(A)(4).
When an appellate court notices, the absence of indispensable parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent parties and retrial, Terrebonne Parish School Board v. Bass Enterprises Production Company, 02-2119, p. 7 (La.App. 1st Cir.8/8/03), 852 So.2d 541, 546, writs denied, 03-2786, 03-2873 (La.1/9/04), 862 So.2d 984, 985. Accordingly, we hereby vacate the June 24, 2015 judgment and remand this matter to the trial court for joinder of the DCFS and *127 for retrial. All costs of this appeal are assessed to Paul Allen Spiewak.
VACATED AND REMANDED.