| | | |
|---|---|---|
| ELY EDWARDS ENTERPRISES, INC. | * | NO. 2021-CA-0685 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| NEW ORLEANS REDEVELOPMENT AUTHORITY, PONTCHARTRAIN PARK CDC REAL ESTATE HOLDINGS, LLC, AND PONTCHARTRAIN PARK COMMUNITY DEVELOPMENT CORPORATION | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-02382, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

**CHASE, J., CONCURS IN PART AND DISSENTS IN PART FOR THE REASONS ASSIGNED BY JUDGE LOBRANO**


Daniel E. Davillier
Charles F. Zimmer, II
Jonathan D. Lewis
DAVILLIER LAW GROUP
935 Gravier Street
Suite 1702
New Orleans, LA 70112


　　　COUNSEL FOR PLAINTIFF/APPELLANT

Carl A. Butler
Tiffany M. Fleming
Kristin M. Barone
BUTLER LAW FIRM, LLC
2400 Veterans Blvd., Suite 485
Kenner, LA 70062

Laura Carter Settlemyer
NEW ORLEANS REDEVELOPMENT AUTHORITY
1409 Oretha Castle Haley Blvd.
New Orleans, LA 70113

COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**
**APRIL 27, 2022**

Plaintiff, Ely Edwards Enterprises, Inc. (Edwards), seeks review of the trial court's judgment granting an exception of peremption filed by Defendant, New Orleans Redevelopment Authority (NORA). Given the trial court applied a one-year peremption period to a claim that can be raised at any time, we reverse.

**FACTUAL BACKGROUND AND PROCDURAL HISTORY**

This case arises from a failed neighborhood revitalization project. Initially, NORA acquired the properties and transferred them to the developer, Pontchartrain Park Community Development Corp. (PPCDC). After executing the necessary agreements and obtaining sizable financing from First NBC Bank (FNBC), the project failed and heavy litigation ensued.[1]

Edwards is a successor-in-interest to FNBC. During the course of the litigation, NORA filed a breach of contract suit against PPCDC. On April 30, 2018, a summary judgment was rendered in favor of NORA against PPCDC, who

---

[1] For a detailed history and recitation of facts, *see Ely Edwards Enterprises, Inc. v. Pontchartrain Park CDC Real Estate Holdings, LLC and New Orleans Redevelopment Authority*, 2021-CA-623 (La. App. 4 Cir. 4/13/2022).

1

did not appear.[2]  In that judgment, the trial court transferred/reverted ownership of the properties back to NORA.

Neither FNBC nor Edwards was named or served in that lawsuit.  As a result, Edwards filed a petition for declaratory judgment seeking the annulment of the prior summary judgment, claiming it was an indispensable party to the lawsuit.  In response, NORA filed an exception of peremption.  After a hearing, the trial court granted the exception and dismissed Edwards' lawsuit.[3]  This devolutive appeal followed.

## DISCUSSION

The narrow issue on appeal is whether the trial court erred in granting the exception of peremption.  The objection of peremption is raised by the peremptory exception.  La. C.C.P. art. 927(A)(2).  "Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension." *Lomont v. Bennett*, 14-2483, p. 7 (La. 6/30/15), 172 So.3d 620, 626-27 (internal quotation and citation omitted).  Thus, the rules governing the burden of proof as to prescription also apply to peremption.  *Id.*, p. 7, 172 So.3d at 627.  Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory

---

[2] The summary judgment was rendered by Judge Rachel Johnson in Civil District Court case number 2017-5680.

[3] Notably, when the grounds for an exception may be removed, the judgment sustaining the exception shall order such amendment.  Specifically, La. C.C.P. art. 934 states:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

exception. *Id.* Nevertheless, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*

At a hearing on a peremptory exception of prescription pleaded prior to trial, evidence may be introduced to support or controvert the exception. *Id.*, p. 8, 172 So.3d at 627 (citing La. C.C.P. art. 931[4]). In instances where there is no evidence introduced at the hearing, as in this case, the exception must be decided upon the facts alleged in the petition with all of the allegations being accepted as true. *Id.* (citation omitted).

Edwards' Petition for Declaratory judgment affirmatively alleges that the April 30, 2018, summary judgment is absolutely null due to NORA's failure to join Edwards, the holder of the secured mortgage on the properties, who was an indispensable party pursuant to La. C.C.P. art. 641.[5] Article 641 of the Louisiana Code of Civil Procedure requires a party to be joined in a suit when he has an interest related to the subject matter under the following circumstances. First, a party must be joined if relief cannot be accorded among the parties without the absent party. Likewise, a party must be joined if he claims an interest relating to the subject matter of the case, and proceeding without him may: impair or impede

---

[4] La. C.C.P. art. 931 states, in pertinent part: "On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

[5] La. C.C.P. art. 641 states:

> A person shall be joined as a party in the action when either:
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>> (a) As a practical matter, impair or impede his ability to protect that interest.
>> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

his ability to protect that interest, or the parties are subjected to a substantial risk of incurring multiple or inconsistent obligations. *Terrebonne Par. Sch. Bd. v. Bass Enterprises Prod. Co.*, 02-2119, p. 4 (La. App. 1 Cir. 8/8/03), 852 So.2d 541, 544.

In conjunction, La. C.C.P. art. 2002(A) provides, in relevant part: "a final judgment shall be annulled if it is rendered…[a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction[.]"[6] Thus, an adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity under La. C.C.P. art. 2002. *Terrebone Par. Sch. Bd.*, p. 5, 852 So.2d at 544 (citations omitted); *Stephenson*, 98-1689, p. 10, 754 So.2d at 1019.

In *Stephenson v. Nations Credit Financial Services Corp.*, 98-1689 (La. App. 1 Cir. 9/24/99), 754 So.2d 1011, 1020, the first circuit court of appeal found that an indispensable party under La. C.C.P. art. 641 may seek to annul a judgment pursuant to La. C.C.P. art. 2002 ("the person who should have been made a party to a proceeding and whose property rights are adversely affected can seek to have a

---

[6]     This article does not include only those persons who were named as defendants in lawsuits. To do so would leave unnamed persons who should have been joined pursuant to Article 641, but were not, without a means to attack a judgment that was rendered in the proceeding to which they were never made a party, unless they happened to learn of the judgment within the appeal delays. If an appellate court can vacate a trial court judgment on its own motion for the failure to join parties whose rights in property are directly affected by the judgment, where those parties do not appeal or intervene in the underlying action, the person who should have been made a party to the proceeding and whose property rights are adversely affected can seek to have a judgment annulled upon learning of a judgment that was rendered affecting their property rights. *Stephenson v. Nations Credit Financial Services Corp.*, 754 So.2d 1011 (La. Ct. App. 1st Cir. 1999).

§ 2:190. *Peremptory exceptions-Grounds-Nonjoinder-Generally*, 22 La. Civ. L. Treatise, Summary Judgment & Related Termination Motions § 2:190

judgment annulled upon learning of a judgment that was rendered affecting the property rights"). Moreover, an action to annul a judgment on the grounds listed in La. C.C.P art. 2002 may be brought at any time. La. C.C.P. art. 2002(B).[7]

Turning to the petition and accepting the allegations that Edwards was an indispensable party under La. C.C.P. art. 641 as true, the petition for nullity could be brought at any time. *See* La. C.C.P. art. 2002(B). Thus, Edwards made a *prima facie* showing that its claim was timely, leaving the burden of proving peremption with NORA.

In support of its argument in favor of peremption, NORA responds that the petition is premised on fraud, thus a one-year peremption, under La. C.C.P. art. 2004(B),[8] applies and La. C.C.P. art. 2002 is not applicable. While Edwards' petition may have included an alternative or additional claim in fraud, it plainly alleges that the prior summary judgment was absolutely null for failure to join Edwards, claiming it was an indispensable party. "Peremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted." *Lomont*, 14-2483, pp. 8-9, 172 So.3d at 627.

After viewing the petition in favor of preserving the claim, we find the petition sets forth a timely claim for nullity due to NORA's alleged failure to join

---

[7] La. C.C.P. art. 2003 provides an exception to art. 2002 in instances where a defendant voluntarily acquiesces in the judgment. However, the exception is not applicable in this case.
[8] La. C.C.P. art. 2004 requires a plaintiff to bring an action to annul a judgment on grounds of fraud or ill practice within one year of the discovery by the plaintiff.

5

an indispensable party.[9]  Given that this claim may be brought at any time, NORA

failed to meet its burden in proving that Edwards' claim was perempted.  Thus, the

trial court legally erred in granting the exception of peremption.  For these reasons,

the trial court's judgment is reversed.  Accordingly, the case is remanded for

further proceedings consistent with this judgment.

**REVERSED AND REMANDED**

---

[9] NORA also claims that neither Edwards nor FNBC were an indispensable party in the previous case.  In its reasons for judgment, the trial court agreed, specifically finding that Edwards was not an indispensable party to the prior suit.  However, that fact issue is not before this Court. Given that evidence was not taken at the hearing, the exception of peremption must be decided on the facts alleged in the petition, with all of the allegations being accepted as true.  *See Lomont*, p. 8, 172 So.3d at 627.