**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0645

STATE OF LOUISIANA

VERSUS

YOUSSEF ALBOUZ

Judgment Rendered: __FEB 0 8 2024__

* * * * * * *

On Appeal from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. F217143

Honorable Ronald Cox, Judge Presiding[1]

* * * * * * *

| | |
|---|---|
| Gregory Cook<br>Baton Rouge, Louisiana | Attorney for Appellant<br>Meriem Ouadouch |
| Teresa L. Fiore Hatfield<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Youssef Albouz |
| Hillar C. Moore, III<br>District Attorney<br>Amanda Gros<br>Miesha Beverly<br>Kyle Russ<br>Prisca A. Zeigler<br>Jennifer E. Thonn<br>Assistant District Attorneys<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellee<br>State of Louisiana, Department of<br>Children and Family Services,<br>Child Support Enforcement |

* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

---

[1] Serving *pro tempore.*

GREENE, J. concurs with reasons.

**PENZATO, J.**

Meriem Ouadouch appeals a January 13, 2023 judgment granting Youssef Albouz the right to claim all state and federal tax credits and deductions for the parties' minor children. For the following reasons, we vacate the judgment and remand the matter to the trial court.

## FACTS AND PROCEDURAL HISTORY

Ms. Ouadouch and Mr. Albouz were divorced in the Kingdom of Morocco. In a judgment dated September 28, 2017, the Court of Appeal of Errachidia, Court of First Instance of Errachidia, ordered Mr. Albouz to pay Ms. Ouadouch spousal support and child support for the two minor children born of the marriage. On August 8, 2019, the State of Louisiana, Department of Children and Family Services, Office of Family Support, Support Enforcement Services (DCFS), filed an *ex parte* petition to make the September 28, 2017 judgment executory. By order signed August 12, 2019, the September 28, 2017 judgment was made executory.

On September 13, 2019, DCFS filed a rule for modification of the child support amount and a rule to set arrears and for contempt. The matter came for hearing on January 8, 2020, at which time the trial court modified Mr. Albouz's child support obligation, setting it at $801.00 per month, plus an additional $29.00 as cash medical support when the minor children are covered by public health insurance; recognized that Mr. Albouz was entitled to credits for direct payments made on Ms. Ouadouch's behalf in the amounts of $645.86 for her electric bill, $675.15 for her car insurance, and $8,120.00 for her rent; ordered an income assignment order be effective immediately and be served on Mr. Albouz's employer; and ordered Mr. Albouz to make all payments through DCFS. The trial court signed a judgment in accordance with its rulings on June 5, 2020. The rule to set arrears and for contempt was set for a later date.

2

On January 28, 2021, the trial court held a hearing on DCFS's rule to set arrears and for contempt. The trial court dismissed the rule for contempt with prejudice, set the arrears in the amount of $4,851.72, and ordered that Mr. Albouz's account with DCFS be credited in accordance with its ruling rendered on January 8, 2020. The trial court signed a judgment in conformity with its ruling on February 11, 2021.

On January 27, 2022, Mr. Albouz filed a "Motion for Award of Tax Credit/Dependency Status" in this action, which was initiated by DCFS, naming Ms. Ouadouch as defendant. Mr. Albouz alleged that he was the non-domiciliary parent, paid child support in excess of fifty percent of the total child support obligation, and did not owe any arrearages; thus, he claimed he was entitled to the federal and state child dependency tax credits pursuant to La. R.S. 9:315.18. Ms. Ouadouch was served with notice of the hearing, which was held on November 15, 2022. The record does not indicate that DCFS was served with a copy of Mr. Albouz's motion, and DCFS was not present at the November 15, 2022 hearing. The trial court granted Mr. Albouz's motion, and signed a judgment on January 13, 2023, granting Mr. Albouz the right to claim all state and federal tax credits and deductions relating to both of the minor children.[2]

Ms. Ouadouch appeals from the January 13, 2023 judgment, contending that DCFS is an indispensable party in determining Mr. Albouz's right to claim the children as dependents on federal and state income tax returns and that Mr. Albouz failed to prove he was entitled to the tax dependency exemptions for both children.

---

[2] The trial court signed an identical judgment on February 2, 2023. This subsequent duplicate judgment was superfluous and unnecessary and, therefore, invalid. See *Noyel v. City of St. Gabriel*, 2015-1890 (La. App. 1 Cir. 9/1/16), 202 So. 3d 1139, 1142, writ denied, 2016-1745 (La. 11/29/16), 213 So. 3d 392.

# EXCEPTION OF NONJOINDER

In her first assignment of error, Ms. Ouadouch argues that the trial court erred when it issued a judgment allowing Mr. Albouz to claim the minor children for tax purposes, effectively modifying the original child support order, absent an indispensable party. Although raised as an assignment of error, Ms. Ouadouch did not file a peremptory exception raising the objection of nonjoinder of a party in this Court. The failure to join an indispensable party may be raised at any time, even by the trial or appellate court on its own motion. See La. C.C.P. art. 645; La. C.C.P. art. 927(B). Pursuant to Article 927(B), if a peremptory exception raising the objection of nonjoinder of a party is noticed by the appellate court on its own motion, the exception shall not be adjudicated without assigning the matter for briefing and permitting the parties an opportunity to request oral argument. In accordance with Article 927(B), this Court issued an order containing a briefing schedule and advising the parties of their right to request oral argument. Neither party filed a brief or requested oral argument.[3]

Louisiana Revised Statutes 46:236.1.9(C)(1) provides that "[i]n any proceeding concerning paternity, a support obligation, or arrearages owed [DCFS] shall be an indispensable party when providing support enforcement services on behalf of a child involved in the proceeding." Thus, the issue presented herein is whether the "Motion for Award of Tax Credit/Dependency Status" filed by Mr. Albouz is a "proceeding concerning…a support obligation," making DCFS a party needed for just adjudication and required to be joined as a party in this matter pursuant to La. C.C.P. art. 641. See *Spiewak v. Spiewak*, 2015-1321 (La. App. 1 Cir. 3/3/16), 192 So. 3d 126, 126.

---

[3] In response to this assignment of error in his appellee brief, Mr. Albouz argued that DCFS does not handle a demand by a party to be awarded the tax dependency or tax credits. Although conceding that there is no evidence in the record that DCFS was contacted, Mr. Albouz asserted that DCFS was contacted and declined to become involved in the case.

4

Louisiana Revised Statutes 9:315.18 governs a parent's right to claim a child as a dependent for federal and state income tax purposes. The amounts set forth in the schedule of support used for determining the basic child support obligation presume that the domiciliary parent has the right to claim the child as a dependent. See La. R.S. 9:315.18(A). However, the non-domiciliary parent whose child support obligation equals or exceeds fifty percent of the total child support obligation is entitled to claim the child as a dependent for federal and state tax purposes if, after a contradictory motion, the judge finds that no arrearages are owed by the obligor and the right to claim the child, or some of the children in the case of multiple children, would substantially benefit the non-domiciliary parent without significantly harming the domiciliary parent. La. R.S. 9:315.18(B). This Court has recognized that in child custody and support proceedings, because a parent's right to claim a child or children as dependents on federal and state income tax returns is governed by the child support guidelines, that right is a child support matter. *Hagen v. Hagen*, 2023-0242 (La. App. 1 Cir. 9/15/23), __ So. 3d __, __, 2023 WL 6014149, *6.

Based upon the above, we find that the "Motion for Award of Tax Credit/Dependency Status" filed by Mr. Albouz in the action initiated by DCFS is a "proceeding concerning...a support obligation," and thus, DCFS is a party needed for just adjudication and was required to be joined as a party in this matter. When an appellate court notices the absence of indispensable parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent parties and retrial. *Spiewak*, 192 So. 3d at 126. Accordingly, we hereby vacate the January 13, 2023 judgment and remand this matter to the trial court for joinder of DCFS and for retrial.

## CONCLUSION

The January 13, 2023 judgment is hereby vacated and the matter remanded to the trial court for joinder of the State of Louisiana, Department of Children and Family Services, Office of Family Support, Support Enforcement Services, and for retrial. All costs of this appeal are assessed to Youssef Albouz.

**VACATED AND REMANDED.**

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

# DOCKET NUMBER
# 2023 CA 0645

# STATE OF LOUISIANA

# VERSUS

# YOUSSEF ALBOUZ

**GREENE, J., concurring.**

I concur with the report. This decision will have dramatic effects in the larger parishes, straining the resources of the DCFS. From my perspective as a former judge on the Family Court of East Baton Rouge Parish, DCFS has no interest in who claims minor children as dependents for federal and state income tax purposes. Further, it will increase the costs to the litigants as they will now have to serve DCFS as well as the other party in these matters.